## BERNSTEIN v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit.  December 14, 1916.)

### No. 1470.

1. CONSPIRACY ⬤➡43(12)—INDICTMENT—VARIANCE.

There is not a fatal variance between an indictment, charging both the conspiracy and the overt act in the state where the prosecution is had, and proof that only the overt act was committed there, while the conspiracy was entered into in another state, as the conspiracy is to be considered as extended into the state where the overt act is committed.

[Ed. Note.—For other cases, see Conspiracy, Cent. Dig. § 90; Dec. Dig. ⬤➡43(12).]

2. CONSPIRACY ⬤➡43(12)—INDICTMENT—VARIANCE.

There is no fatal variance because an indictment for violation of Criminal Code (Act March 4, 1909, c. 321) § 37, 35 Stat. 1096 (Comp. St. 1913, § 10201), by conspiracy to present and prove a false claim against a bankrupt, charges the presentation of a false claim in a bankruptcy proceeding, and the proof is of its presentation in a composition; this being presentation and proof for all purposes in the bankruptcy proceedings.

[Ed. Note.—For other cases, see Conspiracy, Cent. Dig. § 90; Dec. Dig. ⬤➡43(12).]

In Error to the District Court of the United States for the Eastern District of Virginia, at Richmond; Edmund Waddill, Jr., Judge.

Samuel Bernstein was convicted, and brings error.  Affirmed.

Robert H. Talley, of Richmond, Va., for plaintiff in error.

Richard H. Mann, U. S. Atty., of Petersburg, Va. (Hiram M. Smith, Asst. U. S. Atty., of Richmond, Va., on the brief), for the United States.

Before PRITCHARD and WOODS, Circuit Judges, and ROSE, District Judge.

WOODS, Circuit Judge.  The defendant, Samuel Bernstein, was convicted under an indictment charging violation of section 37 of the Criminal Code, in that he conspired with other defendants, Lipman and Eisenstein, to present and prove a false claim against A. Eisenstein, bankrupt, and that in pursuance of this conspiracy the defendant Lipman did present the false claim under oath to the referee in bankruptcy before whom the proceeding was pending.

[1] The indictment charged both the conspiracy and the overt act in the city of Richmond.  The proof was that the conspiracy was entered into in the city of Philadelphia, and that only the overt act of presenting and proving the false claim was committed in the city of Richmond.  The argument is that this was a fatal variance, and that, therefore, the District Court for the Eastern District of Virginia should have directed an acquittal.  The point is settled beyond dispute by Hyde v. United States, 225 U. S. 347, 32 Sup. Ct. 793, 56 L. Ed. 1114, Ann. Cas. 1914A, 614, wherein the court held in effect that a conspiracy formed in California was to be considered extended into the District of Columbia, where the overt act in pursuance of it was committed.

⬤➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[2] There is nothing in the point that there was a fatal variance, in that the indictment charges the presentation of a false claim in a bankruptcy proceeding, whereas the proof was of its presentation in a composition. Even if such a refined distinction be allowed, it cannot be doubted that presentation and proof of a claim for purposes of a composition is presentation and proof for all purposes in the bankruptcy proceedings.

Affirmed.