## BERNSTEIN v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit.   December 5, 1918.)

### No. 1652.

CRIMINAL LAW ☞1003—SENTENCE—FIXING DATE OF EXECUTION OF SENTENCE AFTER DATE ORIGINALLY FIXED.

The time when a sentence of imprisonment shall commence, although specified in the same entry, is properly no part of the sentence, and may be changed by the court at a subsequent term, if for any reason execution of the sentence has been delayed.

Appeal from the District Court of the United States for the Eastern District of Virginia, at Richmond; Edmund Waddill, Jr., Judge.

Criminal prosecution by the United States against Samuel Bernstein. On appeal by defendant from orders denying writ of habeas corpus and petition for release from sentence.  Affirmed.

Robert H. Talley, of Richmond, Va., for appellant.

Hiram M. Smith, Asst. U. S. Atty., of Richmond, Va. (Richard H. Mann, U. S. Atty., of Petersburg, Va., on the brief), for the United States.

Before KNAPP and WOODS, Circuit Judges, and McDOWELL, District Judge.

KNAPP, Circuit Judge.  On April 11, 1916, the appellant, Bernstein, convicted in the court below of violating certain provisions of Bankruptcy Act of July 1, 1898, c. 541, 30 Stat. 544, was sentenced to pay a fine of $1,000, and to be imprisoned "in the penitentiary at Atlanta, in the state of Georgia, for the period of 18 months from this date." He sued out a writ of error, and was released on bail pending review by this court, which affirmed the judgment in the following December.  238 Fed. 923, 151 C. C. A. 657.  In the meantime, and presumably upon conviction of some other offense, he was sent by the United States District Court for the Eastern District of Missouri to a prison or jail in that state for a term which did not expire until nearly 2 years after the date when he was sentenced to Atlanta for 18 months.  Upon his discharge from confinement in Missouri, he was taken into custody by the marshal for the Eastern District of Virginia under the prior sentence.  He at once demanded to be released on the ground that the time specified in that sentence had long before expired, and he could not be further detained or imprisoned thereunder.  At the same time he presented to the court below his petition for a writ of habeas corpus ad subjiciendum, in which he sets forth his contention as follows:

"Your petitioner contends and insists that such judgment and sentence is now inoperative and void because the time therein specified, to wit, 18 months from the date thereof, has now expired, petitioner, after such sentence and until lately, having been confined in prison under sentence of another federal court, to wit, the United States District Court for the Eastern District of Missouri, at St. Louis, the confinement being in the Missouri jail

at St. Charles, and he cannot, therefore, be held for further confinement or imprisonment thereunder, the time of the imprisonment pronounced by such sentence having actually run out and expired on the 11th day of October, 1917, and there being no further imprisonment ordered or set forth in said judgment and sentence, and the court being without authority or power to resentence petitioner, the term at which he was convicted and sentenced having long since expired."

The court below refused the writ prayed for, and thereupon "resentenced" Bernstein to pay a fine of $1,000 and to be imprisoned "in the penitentiary at Atlanta for the period of 18 months." He appeals from the refusal to grant the writ, and from the resentence.

The question raised by appellant is not new and has been frequently answered. It may be assumed, as he contends, that a court is without power, in the absence of statutory authority, to alter or amend a final judgment in either a civil or criminal case after the expiration of the term at which the judgment was rendered, unless during that term there was some reservation of subsequent control. But it has been repeatedly held that the naming of a date when the sentence shall be executed, or the period of imprisonment begin, is not a part of the sentence proper, and therefore such date may be changed after the term expires. In a legal sense, the sentence is the punishment fixed for the offense of which the accused has been convicted, and any order respecting the time of its infliction is but the award of execution or a direction to the clerk for framing the mittimus. Such an order or direction is said to be, not a judicial, but merely a ministerial, act, to which the rule invoked by appellant does not apply. In 12 Cyc. 784, the distinction is thus stated:

"After the term is passed at which the original sentence was imposed, the court has as a general rule no power to modify, amend, or revise it, particularly if the new punishment is in excess of the original sentence. Changes in the sentence, however, which do not alter the punishment, but only change the time and place of its infliction, may be made at a subsequent term."

In 16 Corpus Juris, 1304, it is said:

"As a general rule, the time for imprisonment to commence or to be inflicted is no part of the judgment or sentence proper, and according to the weight of authority, in the absence of a statute requiring it, the time when the imprisonment is to begin or end need not be specified in the sentence; it being sufficient to state merely its duration."

The Supreme Court says, in Holden v. Minnesota, 137 U. S. 483, 495, 11 Sup. Ct. 143, 148 (34 L. Ed. 734):

"The order designating the day of execution is, strictly speaking, no part of the judgment, unless made so by statute."

And again, in Schwab v. Berggren, 143 U. S. 442, 451, 12 Sup. Ct. 525, 528 (36 L. Ed. 218):

"Besides, it is well settled that the time and place of execution are not strictly part of the judgment or sentence, unless made so by statute."

True, these were capital cases, as was Nicholas v. Commonwealth, 91 Va. 813, 22 S. E. 507, where the death penalty was fixed by statute, and the court had no discretion. But as respects the power of a

court, after the expiration of the term at which sentence was imposed, to change the date of its execution, or the date when its execution shall be commenced, we perceive no difference in principle between the case where a specific penalty is fixed by statute, and the case where limits are named within which the court may exercise its discretion; and for the reason that when sentence has once been pronounced in the latter case it becomes the same in legal effect as though that sentence had been prescribed by statute and no other could be imposed. As was said in Hollon v. Hopkins, 21 Kan. 638:

"The time fixed for executing a sentence, or for the commencement of its execution, is not one of its essential elements, and strictly speaking is not a part of the sentence at all. * * * The essential portion of a sentence is the punishment, including the kind of punishment and the amount thereof, without reference to the time when it is to be inflicted."

Directly in point, for the facts are strikingly similar, is State v. Cockerham, decided in 1842, 24 N. C. 204, in which the Supreme Court of North Carolina said:

"The time at which a sentence shall be carried into execution forms no part of the judgment of the court. The judgment is the penalty of the law, as declared by the court, while the direction, with respect to the time of carrying it into effect, is in the nature of an award of execution. In this case the judgment was that the defendant be imprisoned 2 calendar months, and the words, which follow in the record, 'from and after the 1st of November next,' direct the time of executing the judgment. The entry, indeed, would have been more formal, had the judgment and the mandate for carrying it into effect been separate and distinct. But, however informal, it can be understood, in conformity to the law, as consisting of distinct parts, and therefore ought to be so understood. Upon the defendant appearing in court and his identity not being denied, and it being admitted that the sentence of the court had not been executed, it was proper to make the necessary order for carrying the sentence into execution."

It follows from these decisions, with which we are in accord, that the court below had full power to make the order of April 8, 1918, which requires appellant to serve the sentence imposed upon him 2 years before. Although the order so recites, we think it inaccurate to say that he was "resentenced," since the court made no change in the original sentence, but merely changed the previous direction as to the time when imprisonment should begin. When the order is so considered, as properly it should be, the other contentions of appellant are made to disappear.

Affirmed.