REEVES v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit.
October 9, 1929.

No. 8373.

tain, Asst. U. S. Atty., of Des Moines, Iowa, on the brief), for the United States.

Before KENYON and VAN VALKEN-BURGH, Circuit Judges, and OTIS, District Judge.

VAN VALKENBURGH, Circuit Judge. December 2, 1926, an indictment in two counts was returned in the Southern district of Iowa against the following named defendants: Charles Noyes, Ray Reeves, Raymond Noyes, Lester Granger, Joe Babbs, W. R. Brown, and Robert Wilson. The first count charged conspiracy to violate the National Prohibition Act (27 USCA); the second count was for the unlawful possession of intoxicating liquor fit for beverage purposes. Four of the defendants were tried under this indictment, convicted, and sentenced to various terms in jail and penitentiary. Two of them, Noyes and Babbs, prosecuted their appeal to this court, and the judgment below was affirmed. 27 F.(2d) 80. Upon separate trial this appellant was convicted upon both counts, and was originally sentenced to pay a fine of $500 under count 2 and to be committed to jail for a period of seven months under count 1. At the same term he made application for modification of the judgment, and the court, Hon. J. W. Woodrough sitting by assignment, made the following order:

"Having read the application of defendant for modification of judgment, together with the showing in support and the showing in opposition thereto, I have concluded to grant the said application and direct the clerk to modify the judgment and sentence heretofore rendered, so as to read that the said defendant, upon the payment of the five hundred dollars fine imposed upon him, be placed on probation to the probation officer of this court for the period of six months, at the expiration of which time further and final judgment shall be entered herein."

At the expiration of the six months period of probation appellant was brought before the court, Hon. Martin J. Wade presiding, and the following order was made:

"On this 18th day of July, 1928, this matter comes on for hearing, the defendant, Ray Reeves, being present in person and by his attorney, Volney Diltz, and the United States being represented by the assistant district attorney, Frank Wilson.

"The probation officer of this court reported in open court that the probation record of the defendant, Ray Reeves, was good. No testimony or evidence was introduced by

Volney Diltz, of Des Moines, Iowa, for appellant.

Ross R. Mowry, U. S. Atty., of Newton, Iowa (Frank F. Wilson, Asst. U. S. Atty., of Mt. Ayr, Iowa, and Ray C. Foun-

the government or the defendant with reference to said probation record, and no finding is made with reference to whether or not the terms and conditions of said probation have been violated.

"The matter comes on for hearing in accordance with the order of Judge Woodrough, and for final judgment as stated in said order.

"It is hereby ordered, adjudged, and decreed that the defendant, Ray Reeves, be committed to the Polk county jail at Des Moines, Iowa, for a period of six months. An exception to the foregoing order and judgment is allowed, and government excepts.

"It is further ordered that the appeal bond for appeal from the foregoing judgment be and it hereby is fixed at $1,000.00."

It is now contended on appeal that this order was made after the expiration of the term and constitutes an alteration of the sentence originally imposed; that, after the original sentence was pronounced, it became too late to suspend its imposition; that, therefore, imprisonment at the hands of Judge Wade could come, if at all, only upon revocation of probation for violation of the probation order, and that the order appealed from discloses no such revocation; that the court has not arbitrary power to revoke; that this action can take place only when a condition of the order of probation has been violated; that unless a defendant is arrested without a warrant by the probation officer, or upon warrant issued by the court within the probation period, the court cannot revoke the order of probation, nor impose any sentence; that under the circumstances stated in the court's order it could discharge the probationer from further supervision and terminate the proceedings against him, or it could extend the probation; that this was the limit of its authority.

It will be useful at this stage to review some pronouncements of the courts upon questions here under consideration.

Probation may be granted where execution of sentence has not begun. Evans v. District Judge (C. C. A. 6) 12 F.(2d) 64. In the absence of statute the court cannot set aside or alter its final judgment after expiration of term, unless proceeding therefor was begun during term. United States v. Felder (D. C.) 13 F.(2d) 527; United States v. Mayer, 235 U. S. 55, 67, 35 S. Ct. 16, 59 L. Ed. 129. Much latitude is allowed District Judges in enforcement of the probation act. The court has a right to suspend the imposition as well as the execution of a sentence. Riggs v. United States (C. C. A. 4) 14 F.(2d) 5. The statute is remedial, and entitled to liberal construction. Nix v. James (C. C. A. 9) 7 F.(2d) 590.

"The Supreme Court having decided in Ex parte United States, 242 U. S. 27, 37 S. Ct. 72, 61 L. Ed. 129, L. R. A. 1917E, 1178, Ann. Cas. 1917B, 355, that the District Courts were without power to suspend permanently the imposition or execution of sentence, Congress passed the Probation Act [18 USCA §§ 724–727] to enable them to do so." Kriebel v. United States (C. C. A. 7) 10 F. (2d) 762, 763.

The first section of the Probation Act (Comp. St. § 10564⅘ [18 USCA § 724]) confers power upon the court as follows:

"The courts of the United States having original jurisdiction of criminal actions, except in the District of Columbia, when it shall appear to the satisfaction of the court that the ends of justice and the best interests of the public, as well as the defendant, will be subserved thereby, shall have power, after conviction or after a plea of guilty or nolo contendere for any crime or offense not punishable by death or life imprisonment, to suspend the imposition or execution of sentence and to place the defendant upon probation for such period and upon such terms and conditions as they may deem best; or the court may impose a fine and may also place the defendant upon probation in the manner aforesaid. The court may revoke or modify any condition of probation, or may change the period of probation: Provided, that the period of probation, together with any extension thereof, shall not exceed five years."

By section 10564⅘a (18 USCA § 725), it is provided that the sentence imposed upon revocation may be any that might originally have been imposed. In the instant case the court obviously modified its original judgment, and, in effect, set it aside for the purpose of suspending sentence for the limited period of six months prescribed—thereafter final judgment to be entered. The power to enter further and final judgment at the expiration of this probation period was retained by the court under proceedings for modification begun during the term at the instance and upon the motion of the appellant. At the expiration of this probation period the court had power to sentence anew within the period prescribed by the statute under which defendant was convicted. This the court did. It is obvious that by its modification order the court set aside its former judgment for the purpose of suspending

sentence for a period of six months, expressly retaining jurisdiction and authority thereafter to enter such judgment as might be deemed proper. It was clearly within its power, in so doing, to exact payment of the fine imposed under the second count as a condition of suspending sentence under the first count. Hollandsworth v. United States, (C. C. A. 4) 34 F.(2d) 423. No subsequent revocation of the probation period was necessary, because that period was fixed, limited, and conditioned by the modifying order. Judge Wade acted after that period had expired in conformity with the modification order.

The judgment below should be and is affirmed.