714

## WALL v. ADERHOLD, Warden.
### No. 185.

District Court, N. D. Georgia.
Aug. 4, 1931.

Thomas J. Wall, in pro. per.

Hal Lindsay, Asst. Dist. Atty., of Atlanta, Ga., for respondent.

### UNDERWOOD, District Judge.

It appears from the certified record that the petitioner was, upon a plea of guilty, sentenced by the United States District Court for the Southern District of Mississippi, on November 13, 1929, to serve three years in the National Training School for Boys at Washington, and that on the next day, November 14, 1929, during the same term, petitioner was again brought before the court and resentenced to a term of five years to be served in the United States Penitentiary at Atlanta.

The offense charged was the unlawful transportation in interstate commerce of a stolen automobile, knowing the same to have been stolen.

Apparently the sentence was changed because, under the law, the defendant could not be admitted to the National Training School for Boys, since he was over the age of seventeen years.

In this case the designation of the institution where sentence was to be served was not a necessary part of the judgment of the court, and does not invalidate that part of the sentence which committed the defendant to a term of three years. Ex parte Waterman (D. C.) 33 F. 29; Ex parte Givins (D. C.) 262 F. 702, and cases cited.

Under authority of United States v. Benz, 282 U. S. 304, 51 S. Ct. 113, 75 L. Ed. 354, In re Graves (D. C.) 117 F. 798 (cited and approved by the Supreme Court in the Benz Case), and Price v. McGuinness (C. C. A.) 269 F. 977, the second sentence, increasing the term from three to five years, is invalid to the extent of its excess over and above the three years imposed by the first sentence, although valid as to change of the place of the execution of the sentence, because passed, at the same term of court, as a permissible modification or correction of the first sentence.

This court is therefore of opinion that defendant's sentence is valid only for a term of three years, and that upon satisfaction of the same he should be released under the provisions of the law relating to paroles or be discharged upon the completion of the three-year term as the case may be. An order to this effect will be entered.