## ADERHOLD, Warden, v. EDWARDS.

### No. 7393.

Circuit Court of Appeals, Fifth Circuit.

June 4, 1934.

H. T. Nichols, Asst. U. S. Atty., of Atlanta, Ga., for appellant.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

BRYAN, Circuit Judge.

Steve Edwards, Jr., and one Carl Pearl in May, 1933, pleaded guilty to a count of an indictment which charged that they "unlawfully and feloniously did manufacture intoxicating liquor, without having a permit as required by law." Edwards was sentenced to imprisonment for three years, and committed to "some penal institution" to be designated by the Attorney General. In April, 1934, after serving ten months in the Atlanta Penitentiary, which was designated by the Attorney General as the place of confinement, he sued out a writ of habeas corpus by which he sought to be set free on the ground that his sentence was excessive and he had already been imprisoned longer than the maximum period of six months prescribed for his offense by 27 USCA § 91. The District Court, without passing upon the question whether it was excessive, held the sentence void because it did not itself designate the type of institution for imprisonment, but instead left the designation of the particular institution to the Attorney General. The case is here on appeal from an order granting the writ and discharging the prisoner from custody.

The sentence was not excessive. Although it does not appear from the indictment that more than a gallon of liquor was manufactured, nevertheless a felony was charged, since it was alleged that Edwards and Pearl were both engaged in the unlawful enterprise. 27 USCA § 91(2).

We are of opinion also that the sentence is not void for indefiniteness or uncertainty. The sentence in a criminal case fixes the term of punishment, but the law pro-

vides for the place of imprisonment. Ex parte Karstendick, 93 U. S. 396, 400, 23 L. Ed. 889; Ex parte Givins (D. C.) 262 F. 702. Appellee, having been convicted of a felony and sentenced for more than a year, was punishable by confinement in any federal penitentiary, and consequently in the one at Atlanta. The place of confinement is no part of the sentence. Holden v. Minnesota, 137 U. S. 483, 495, 11 S. Ct. 143, 34 L. Ed. 734; Schwab v. Berggren, 143 U. S. 442, 451, 12 S. Ct. 525, 36 L. Ed. 218. Nor does an imperfect commitment invalidate the sentence. Ex parte Wilson, 114 U. S. 417, 5 S. Ct. 935, 29 L. Ed. 89. Under statutes passed before appellee was sentenced, any person convicted of an offense against the United States is committed to the custody of the Attorney General, who has authority to designate any available, suitable, or appropriate institution, and to transfer a prisoner from one institution to another, or from a penitentiary to an industrial reformatory or prison camp. 18 USCA §§ 753, 831, 851. The Attorney General, in the exercise of the broad powers conferred upon him, had ample authority to cause appellee to be placed and held in the Atlanta Penitentiary under any general sentence of imprisonment for more than a year the court could have imposed. It must follow, as we think, that appellee was being held in lawful custody.

The order appealed from is reversed, with directions to discharge the writ of habeas corpus and remand appellee to the custody of appellant.