## SENGSTACK v. HILL, Warden.

### No. 87.

District Court, M. D. Pennsylvania.

Sept. 1, 1936.

Cornelius P. Mundy, of Baltimore, Md., for petitioner.

T. Barton Harrington, Asst. U. S. Atty., of Baltimore, Md., and Herman F. Reich, Asst. U. S. Atty., of Sunbury, Pa., for respondent.

JOHNSON, District Judge.

A writ of habeas corpus was issued on a petition of Warren Sengstack, an inmate of the United States Northeastern Penitentiary.

The petitioner was sentenced by the District Court of the United States for the District of Maryland as follows: "The sentence of the Court is two years in the pen-

itentiary and a fine of One Thousand Dollars ($1,000.) and commitment in default of the payment of the fine."

The commitment issued by the clerk was in the following language: "Whereas * * * Warren Sengstack was sentenced by said Court, upon his conviction by a jury to be committed to the custody of the Attorney General of the United States or his authorized representative, for imprisonment in a Penitentiary for and during the term and period of Two Years * * *. And whereas, the Attorney General of the United States has designated the United States Northeastern Penitentiary, at Lewisburg, Pennsylvania, as the place of confinement where the sentence of said Warren Sengstack shall be served; now this is to command you, the said Marshal, forthwith to take the said Warren Sengstack and him safely transport to said United States Northeastern Penitentiary. * * *"

The petitioner contends that the court, in sentencing him to two years in a penitentiary, did not commit him to the custody of the Attorney General, and since the clerk issuing the commitment inserted therein, without authority, that petitioner had been committed to the custody of the Attorney General, the act of the Attorney General in confining him to the Penitentiary at Lewisburg is illegal under the Act of May 14, 1930, c. 274, § 7, 18 U.S.C. 753f (18 U.S.C.A. § 753f).

The substance of a sentence consists in the kind and amount of punishment; under the statute the place of execution is no part of the judicial sentence. Ex parte Givins (D.C.) 262 F. 702; Bernstein v. United States (C.C.A.) 254 F. 967, 3 A.L.R. 1569; Fels v. Snook (D.C.) 30 F.(2d) 187; Wall v. Aderhold, Warden (D.C.) 51 F.(2d) 714. The law provides for the place of imprisonment by the designation of the Attorney General. Aderhold, Warden, v. Edwards (C.C.A.) 71 F.(2d) 297. An order respecting the time or place of execution of a sentence is not a judicial, but a ministerial, act. Bernstein v. United States, supra.

A warrant of commitment is a final process for carrying into effect the judgment. It is predicated on the judgment; it must be in substantial accord therewith, and cannot vary or contradict the judgment. Biddle, Warden, v. Shirley (C.C.A.) 16 F.(2d) 566. It is void when it departs in matters of substance from the judgment back of it. Hill v. United States ex rel. Wampler (May 18, 1936) 298 U.S. 460, 56 S.Ct. 760, 80 L.Ed. 1283.

The Act of May 14, 1930, c. 274, § 7, 18 U.S.C. § 753f, provides: "All persons convicted of an offense against the United States shall be committed, for such terms of imprisonment and to such types of institutions as the court may direct, to the custody of the Attorney General of the United States or his authorized representative, who shall designate the places of confinement where the sentences of all such persons shall be served." The statute is mandatory that all persons convicted of an offense shall be committed to the custody of the Attorney General who shall designate the place of confinement; but such persons can be committed for only "such terms of imprisonment and to such types of institutions as the court may direct." The mandatory provision does not relate to the sentence by the court but to the commitment. There is no alternative as to the commitment; convicted persons must be committed to the custody of the Attorney General.

The duty of carrying out the mandate of the statute by placing the convicted person in the custody of the Attorney General should be exercised by the court. However, when the court fails to do this, no error is committed if the clerk carries out the mandate, since it is a ministerial act which must be done without the exercise of discretion. It is the duty of the clerk to prepare the commitment in accordance with the judgment and the law.

The judgment in this case is sufficient in law; it specifies the term of imprisonment and the type of penal institution in which the imprisonment is to be served Aderhold, Warden, v. Edwards (C.C.A.) 71 F.(2d) 297.

And now, September 1, 1936, the petition for a writ of habeas corpus is dismissed and the writ of habeas discharged.