## UNITED STATES ex rel. ANAGNOSTI v. HILL.

### No. 102.

District Court, M. D. Pennsylvania.

July 19, 1938.

Merrill W. Linn, of Lewisburg, Pa., for petitioner.

Frederick V. Follmer, U. S. Atty., of Scranton, Pa., and Herman F. Reich, Asst. U. S. Atty., of Sunbury, Pa., for respondent.

. JOHNSON, District Judge.

The questions presented are raised by a petition for a writ of habeas corpus.

Petitioner is confined in the United States Northeastern Penitentiary and alleges that he was convicted on February 14, 1931, on an indictment containing fifteen counts, and was sentenced on April 30, 1935, to five years on each of the first seven counts, to run concurrently, or a total sentence of five years on counts one to seven, inclusive; and was sentenced on counts eight to fifteen, inclusive, to five years on each count, to run concurrently, but consecutively with the sentence on counts one to seven, making a total sentence of ten years. All counts except fifteen were for substantive crimes relating to using the mails to defraud. The fifteenth count was for conspiracy. The sentence designated the United States Penitentiary at McNeil Island, Washington, as the place for service.

The petitioner contends: (1) That the fifteenth count being a conspiracy count on which the maximum sentence is two years, the court had no jurisdiction to sentence the petitioner to five years on counts eight to fifteen inclusive; and (2) that the fact that a specific penitentiary was designated for service voids the entire sentence, under Act of Congress of March 3, 1891, c. 529, §§ 1, 4, 9, 26 Stat. 839, 18 U.S.C.A. §§ 741, 742, which provides that the Attorney General shall designate the place of confinement. The petitioner also questioned the right of the trial judge to impose the sentence. This objection, however, was abandoned at the argument.

The rule is well settled that habeas corpus will not lie for consideration of the validity of sentence on one count of an indictment, if petitioner is lawfully confined under one or more of concurrent sentences on other counts of the indictment which are valid. Newman v. Zerbst, Warden, 10 Cir., 83 F.2d 973. The reason for the rule is that without unlawful restraint the questions raised are purely academic. McNally v. Hill, Warden, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238. In the case at bar, sentence of five years each on counts eight to fourteen inclusive, was within the power of the court and petitioner is lawfully confined under these sentences. Thus the improper or illegal sentence on count fifteen, which is concurrent, is immaterial, and petitioner's first contention is without merit.

Petitioner's second contention is also without merit. The designation of the institution where sentence is to be served is not a necessary and proper part of the judgment and does not invalidate the part of the sentence requiring the petitioner to serve the time specified. The designation is merely surplusage. Wall v. Aderhold, D.C.Ga., 51 F.2d 714; Sengstack v. Hill, Warden, D. C.M.D.Pa., 16 F.Supp. 61.

And now, July 19th, 1938, it is ordered that the petition for writ of habeas corpus be, and the same hereby is dismissed and the writ discharged.