## STONEBURG v. HIATT.

No. 131.

District Court, M. D. Pennsylvania.

Nov. 28, 1942.

John H. Stoneburg, pro se.

Herman F. Reich, of Sunbury, Pa., for respondent.

ALBERT W. JOHNSON, District Judge.

The petitioner, John H. Stoneburg, filed his petition for a writ of habeas corpus and after due hearing had thereon, the following facts appear:

He was originally sentenced on May 20, 1942 in the Municipal Court of the District of Columbia, Criminal Division, under Docket Nos. 421512, 421513, and 421514 to 120 days on each of these three cases, the sentences being consecutive—making a total of 360 days; each of the three sentences designating that he be committed to a jail type of institution. On May 29, 1942 he was sentenced in the District Court of the United States for the District of Columbia to Criminal Docket Nos. 69719, 69720, 69721 and 69722 to sentences of one to three years in each case to run concurrently with each other but consecutive to and to take effect at the expiration of the sentences imposed in the Municipal Court of the District of Columbia.

The petitioner contends that the sentences imposed by the Municipal Court of the District of Columbia must be served in a jail type of institution. He is now serving these sentences at the United States Penitentiary; the same, together with those imposed by the District Court, having been cumulated.

The question is not whether the Municipal Court directed that the sentences there imposed should be served in a jail type institution, inasmuch as such direction, if not in accordance with the statutes applicable to the particular sit-

uation, would have no effect. Sengstack v. Hill, Warden, D.C., 16 F.Supp. 61; United States ex rel. Anagnosti v. Hill, D.C., 24 F.Supp. 53. There is no question but that the Attorney General of the United States has authority to designate an institution outside of the District of Columbia for the service of a sentence of a person convicted in the District of Columbia. Beard v. Bennett, 72 App.D.C. 269, 114 F.2d 578. The only question is whether the sentences imposed by the Municipal Court of the District of Columbia can be cumulated with the sentences imposed in the District Court of the District of Columbia and all served in a United States Penitentiary. In this regard the District of Columbia Code, Title 6, Section 401 provides: "Section 401. Place of imprisonment; cumulative sentences.—When any person shall be sentenced to imprisonment for a term not exceeding six months the court may direct that such imprisonment shall be either in the workhouse or in the jail. When any person is sentenced for a term longer than six months and not longer than one year such imprisonment shall be in the jail, and where the sentence is imprisonment for more than one year it shall be in the penitentiary. Cumulative sentences aggregating more than one year shall be deemed one sentence for the purposes of the foregoing provision. (Mar. 3, 1901, 31 Stat. 1341, c. 854, sec. 934.)"

The identical question involved under this statute was before the District Court of the District of Columbia in the case of David M. Jones v. Ray L. Huff, Habeas Corpus No. 2042 in the District Court for the District of Columbia,[1] and the District Court there dismissed the writ, thereby in effect holding that such sentences can under the foregoing statute be cumulated.

The petitioner has also alleged that the sentencing Judge in the District Court had stated that he would alter the sentence to run concurrently with the police Court sentence. As to this point, the record shows consecutive sentences and such record cannot be collaterally attacked in habeas corpus. Hill v. United States ex rel. Wampler, 298 U.S. 460, 56 S.Ct. 760, 80 L.Ed. 1283.

This court therefore finds that the petitioner is properly imprisoned at the United States Penitentiary, Lewisburg, Pennsylvania, on a cumulated sentence of one year eleven months and twenty-five days to three years eleven months and twenty-five days under the Indeterminate Sentence Law of the District of Columbia.

His petition is accordingly without merit and the same is hereby dismissed and the rule granted thereon discharged.

---

[1] No opinion for publication.