## BUGG v. UNITED STATES.

### No. 12711.

Circuit Court of Appeals, Eighth Circuit.

Feb. 14, 1944.

Thomas M. Bugg, pro se.

Harry C. Blanton, U. S. Atty., of Sikeston, Mo., for appellee.

Before SANBORN and WOODROUGH, Circuit Judges, and MOORE, District Judge.

SANBORN, Circuit Judge.

The question presented is whether the District Court erred in refusing to vacate or correct a sentence imposed upon the appellant on December 6, 1933, upon his plea of guilty to an indictment charging him and others with having committed an assault upon a custodian of the mails with intent to rob, steal and purloin mail matter, and, in attempting the robbery, with having put the life of the custodian in jeopardy by the use of a dangerous weapon. The applicable statute is § 197, c. 321, 35 Stat. 1126, 18 U.S.C.A. § 320.[1]

The sentence was imprisonment for twenty-five years, as required by the statute. The judge who imposed the sentence is now dead. The attorney who represented the Government at the time the sentence was imposed is no longer in office. The appellant is confined in the United States Penitentiary at Leavenworth. In

[1] "Whoever shall assault any person having lawful charge, control, or custody of any mail matter, with intent to rob, steal, or purloin such mail matter or any part thereof, or shall rob any such person of such mail or any part thereof, shall, for a first offense, be imprisoned not more than ten years; and if in effecting or attempting to effect such robbery, he shall wound the person having custody of the mail, or

1939 he sought release on habeas corpus in the United States District Court for the District of Kansas on the ground that he had been denied the assistance of counsel. His petition for habeas corpus was denied, and its denial was affirmed. Bugg v. Hudspeth, 10 Cir., 113 F.2d 260. In 1941 the appellant filed in the court below a motion to modify and correct the sentence upon the ground that it should not have exceeded imprisonment for ten years. The motion was denied upon the grounds that it was without merit and that the court was without authority to disturb the sentence. Compare Blackwood v. United States, 8 Cir., 138 F.2d 461.

On August 16, 1943, the appellant filed the present motion to vacate or modify the sentence. He asserts in his motion that the sentence is void, that the court had power to vacate it, and that he was entitled to be present at the hearing on the motion. He requested the court not to appoint counsel for him, and prayed for the issuance of a writ of habeas corpus ad testificandum. His motion stated no facts justifying his assertion that the sentence was void. In a brief accompanying the motion he argued that the sentence was a nullity because (1) the indictment did not show what statute was violated, (2) the indictment was not returned by the grand jury as a true bill, (3) the indictment, while charging that the life of a custodian of the mail was put in jeopardy by the use of a dangerous weapon, "to-wit, a pistol," did not state that the pistol was loaded, (4) the indictment failed to specify what mail was taken and did not sufficiently describe the place of the robbery, (5) the appellant did not have a jury trial and the court did not appoint an attorney to represent him, (6) the offense charged was conspiracy, the maximum sentence for which was two years' imprisonment, (7) the sentence designated the place of confinement and did not show what statute had been violated. On August 23, 1943, the court below entered an order denying the request of the appellant for a writ of habeas corpus ad testificandum and his motion for the vacation or modification of his sentence. This appeal is from the order and is prosecuted in forma pauperis.

An application for a writ of habeas corpus ad testificandum is addressed to the discretion of the court. Neufield v. United States, 73 App.D.C. 174, 118 F.2d 375, 385; Gilmore v. United States, 10 Cir., 129 F.2d 199, 202; Murrey v. United States, 8 Cir., 138 F.2d 94, 96, 97. The motion of the appellant was filed nearly ten years after the imposition of sentence. It constituted his third attempt to have the sentence set aside or modified. Neither the motion nor the brief accompanying it stated any facts to support the appellant's assertions that he had been denied the assistance of counsel or the right to a jury trial. The files and records of the court below negatived the appellant's assertions in those regards, as did also the record of the habeas corpus proceeding brought by the appellant in the United States District Court for the District of Kansas. The court below was justified in believing that the appellant's motion presented no substantial issue of fact and raised only questions of law. The court did not abuse its discretion in denying the appellant's request that a writ of habeas corpus ad testificandum be issued.

We are of the opinion that the court below was without power, upon any of the grounds asserted by the appellant, to vacate the sentence which had been imposed upon the appellant almost ten years before he filed his motion. United States v. Mayer, 235 U.S. 55, 66, 67, 35 S.Ct. 16, 59 L.Ed. 129; Reeves v. United States, 8 Cir., 35 F.2d 323, 325; Audette v. United States, 9 Cir., 99 F.2d 113; Gilmore v. United States, 10 Cir., 129 F.2d 199, 202; Gilmore v. United States, 8 Cir., 131 F.2d 873, 874, 875; Ellerbrake v. United States, 7 Cir., 134 F.2d 683; MacDonald v. United States, 8 Cir., 136 F.2d 482; Knight v. United States, 8 Cir., 137 F.2d 940; Murrey v. United States, 8 Cir., 138 F.2d 94, 96. If the sentence imposed upon the appellant had been in excess of the maximum penalty authorized by statute, as he contends, the court below could have corrected the sentence to conform to the statute. Gilmore v. United States, 8 Cir., 131 F.2d 873, 875. There is, however, no merit in the appellant's contention that he was charged with a conspiracy to commit the substantive offense described in the indictment. He and the other defendants were therein charged with having committed that substantive offense.[2] There was no

---

put his life in jeopardy by the use of a dangerous weapon, or for a subsequent offense, shall be imprisoned twenty-five years."

[2] "That on or about the 7th day of September, A. D. 1933, at St. Louis, in the State of Missouri, within the Eastern Division of the Eastern Judicial District of

conspiracy count in the indictment. The sentence imposed upon the appellant was the sentence prescribed by the statute as punishment for the offense charged in the indictment.

For the purposes of this appeal, this Court will assume that the court below, regardless of the lapse of time and regardless of prior adjudications, might have granted the relief prayed for by the appellant, and will consider whether the sentence was a lawful one.

■ The indictment was in conventional form, followed the language of the statute, and showed when, where and by whom the offense charged was committed. An indictment similar in all substantial particulars was sustained by this Court in Blackwood v. United States, 8 Cir., 138 F.2d 461. The indictment in suit was signed by the United States Attorney, showed upon its face that it was returned by the grand jury to the court below, and was endorsed: "Violation 18 U.S.C. § 320. A true bill, Jas. A. McKeown, Foreman. Filed in open court this 3rd day of October, A.D.1933. Jas. J. O'Connor, Clerk." There is no requirement that an indictment shall show upon what statute it is based. United States v. Nixon, 235 U.S. 231, 235, 35 S.Ct. 49, 59 L.Ed. 207; Hammer v. United States, 271 U.S. 620, 625, 46 S.Ct. 603, 70 L.Ed. 1118; United States v. Hutcheson, 312 U.S. 219, 229, 61 S.Ct. 463, 85 L.Ed. 788. The purpose of an indictment is to advise the defendant of the factual issues he is required to meet. An indictment is valid if it fairly informs the defendant of the charge made against him and is sufficiently specific to avoid the danger of his again being prosecuted for the same offense. Hewitt v. United States, 8 Cir., 110 F.2d 1, 6, and cases cited. The indictment in this case sufficiently identified and described the of-fense charged against the appellant and was a valid indictment. No useful purpose would be served by discussing in detail the appellant's criticisms of it, which are obviously unsubstantial and without merit.

■ The appellant had the right to a jury trial. He waived the right when he entered his plea. "A man may effectively 'by his own voluntary act surrender his liberty or part with his life' by pleading guilty. No public policy forbids this, and a defendant's right so to do is nowhere forbidden by the Constitution." Patton v. United States, 281 U.S. 276, 281, 50 S.Ct. 253, 74 L.Ed. 854, 70 A.L.R. 263.

■ The appellant's attack upon the form of the sentence is frivolous. The sentence provided for confinement "in the United States Penitentiary at Leavenworth, in the State of Kansas, or such other penal institution as may be hereafter designated by the United States Attorney General or some one in his behalf authorized." The commitment, issued on the same day, recited that the Attorney General "has designated the United States Penitentiary at Leavenworth, Kansas, as the place of confinement." At that time, the applicable statute (c. 274, § 7, 46 Stat. 326, 18 U.S.C.A. § 753f) provided: "Hereafter all persons convicted of an offense against the United States shall be committed, for such terms of imprisonment and to such types of institutions as the court may direct, to the custody of the Attorney General of the United States or his authorized representative, who shall designate the places of confinement where the sentences of all such persons shall be served." The sentence and commitment of the appellant were in substantial conformity with the statutory requirement. The qualified designation by the court of the Penitentiary at Leavenworth would, if irregular, be nothing more than surplusage

---

Missouri, and within the jurisdiction of the Court aforesaid, Thomas M. Bugg, Sr., Charles Hines, John Lynn Hert and Angles W. Bowman, and each of them, did unlawfully, wilfully and feloniously assault Lorenz O. Scheller, the said Lorenz O. Scheller then and there being a United States Post Office Clerk having lawful charge, control, custody and possession of United States Mail matter, in the lawful discharge of his duties as such clerk of the United States Post Office Department, attached to the St. Louis Post Office, with the unlawful and felonious intent then and there in them, the said Thomas M. Bugg, Sr., Charles Hines, John Lynn Hert and Angles W. Bowman, and each of them, to rob, steal and purloin said mail matter then and there in charge, control, custody and possession of the said Lorenz O. Scheller, Clerk as aforesaid, and in attempting to effect such robbery, they, the said Thomas M. Bugg, Sr., Charles Hines, John Lynn Hert and Angles W. Bowman, and each of them, did put the life of the said Lorenz O. Scheller in jeopardy by the use of a dangerous weapon, to-wit, a pistol; contrary to the form of the statutes in such case made and provided, and against the peace and dignity of the United States."

in no way affecting the rights of the appellant or the powers of the Attorney General of the United States.

It is our conclusion that the sentence imposed upon the appellant on December 6, 1933, is a valid sentence, and that the order of the court below is an adjudication of the validity of the sentence.

The appellant has moved this Court to strike the supplemental transcript of the record filed by the appellee and portions of the appellee's brief. The motion is denied.

The order appealed from is affirmed.