## BOWEN v. UNITED STATES.
### No. 3852.

United States Court of Appeals
Tenth Circuit.
April 23, 1949.

Charles F. Cory, of Denver, Colo., filed a brief for appellant.

Robert E. Shelton, U. S. Atty. and Haskell B. Pugh, Asst. U. S. Atty., both of Oklahoma City, filed a brief for appellee.

Before PHILLIPS, Chief Judge, and BRATTON AND MURRAH, Circuit Judges.

PHILLIPS, Chief Judge.

This is an appeal from an order denying a motion to vacate a sentence.

On or about April 12, 1946, Bowen was sentenced by the United States District Court for the Northern District of California to three years in the custody of the Attorney General of the United States for theft on a government reservation. At and prior to the imposition of that sentence, Bowen was represented by counsel. His counsel advised the court that Bowen had received a medical discharge from the Army. An investigation was made and it was determined that he needed psychiatric treatment. The California court, at the time of imposing sentence, made a recommendation that Bowen be confined in the Medical Center at Springfield, Missouri.

On October 28, 1946, an indictment was returned in the United States District Court for the Western District of Oklahoma charging that Bowen, on October 9, 1946, having been sentenced to three years in the custody of the Attorney General, and having been received at the Federal Reformatory at El Reno, Oklahoma, and being in the lawful custody of the officers of such Federal Reformatory, did unlawfully attempt to escape and flee from the custody of such officers in violation of 18 U.S.C.A. § 753h [now § 751]. The court appointed Mr. Herbert K. Hyde, an attorney of Oklahoma City, to represent Bowen. On December 10, 1946, Bowen was brought before the court for arraignment. Hyde was not present because of his absence from Oklahoma City. Bowen advised the court that he was desirous of waiving the appointment of further counsel and entering a plea. He signed a written waiver in which he stated that the court had duly explained to him his constitutional rights, including the right to counsel; that he waived the right to counsel; and that he entered a plea of guilty to the indictment. The court imposed a sentence of one year and a day in a Federal institution to be designated by the Attorney General, to run concurrently with the sentence Bowen was then serving.

Thereafter, on January 6, 1947, Hyde appeared and presented an application of Bowen for modification of the sentence. The motion was denied.

Thereafter, on January 10, 1949, Bowen filed a motion to vacate the judgment. He had then served the sentence imposed by the California Federal court. He challenged the legality of the confinement in the El Reno Reformatory because the court had recommended that the California sentence

324

be served at the Medical Center for Federal Prisoners at Springfield, Missouri. He made no contention that he did not competently waive the presence of his counsel at the time he entered his plea of guilty or that he did not competently enter such plea.

18 U.S.C.A. § 753f, as amended June 14, 1941, and October 21, 1941 [now § 4082], provides that all persons convicted of an offense against the United States shall be committed for such terms of imprisonment as the court may direct, to the custody of the Attorney General of the United States, or his authorized representative, who shall designate the place of confinement. The statute further provides that the Attorney General may authorize the transfer of prisoners from one institution to another.

It follows that the place of confinement was no part of the sentence, but was a matter for the determination of the Attorney General, and when he designated that Bowen be confined at the Federal Reformatory at El Reno, his confinement there was lawful. See McMurtrey v. Clark, 81 U.S. App.D.C. 294, 157 F.2d 703; Aderhold v. Edwards, 5 Cir., 71 F.2d 297, 298.

Affirmed.