**Nick George MONTOS, Defendant-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 12397.**

United States Court of Appeals Seventh Circuit.

Nov. 25, 1958.

Nick George Montos, pro se.

Robert Tieken, U. S. Atty., John Peter Lulinski, John F. Grady, Chicago, Ill., for appellee.

Before FINNEGAN, HASTINGS and PARKINSON, Circuit Judges.

PARKINSON, Circuit Judge.

The defendant-appellant Nick George Montos was, with others, charged with violation of Title 18 U.S.C.A. § 2314 in Count I of an indictment and violation of Title 18 U.S.C.A. § 2315 in Count II. The defendants were represented by counsel and on November 10, 1954 Montos entered a plea of guilty to Count II. Thereupon Count I was dismissed. He was given a seven year sentence which was well within the maximum of a $10,000 fine or ten years imprisonment, or both. Montos was committed to the custody of the Attorney General and, on plea of his counsel, the District Court ordered the sentence to run concurrently with a seven year sentence which he faced in Mississippi. He is now in the federal penitentiary at Alcatraz, having escaped from the state prison.

On April 10, 1958 Montos filed an unverified "motion to vacate judgment of sentence pursuant to Rule 35, Federal Rules of Criminal Procedure [18 U.S.C.A.]" alleging "that his confinement is in violation of the Constitution and Laws of the United States by reason that:

"1. The sentence is illegal on its face.

"2. The Attorney General's order confining the Petitioner in a Federal Penitentiary does not cure a void judgment."

The District Court denied the motion and this appeal followed.

Although the defendant-appellant has clearly mistaken his remedy for the reason that sentences subject to correction under Rule 35 are those only which the judgment of conviction did not authorize, United States v. Morgan, 1954, 346 U.S. 502, 506, 74 S.Ct. 247, 98 L.Ed. 248, and the judgment here clearly au-

thorized a sentence of seven years, we will consider the two questions raised below.

As to whether the Attorney General's order confining Montos in a federal penitentiary did or did not cure a void judgment is of no import here because the judgment was clearly valid. The only question is whether the sentence is illegal.

Title 18 U.S.C.A. § 4082 provides that:

> "Persons convicted of an offense against the United States shall be committed, for such terms of imprisonment as the court may direct, to the custody of the Attorney General of the United States or his authorized representative, who shall designate the places of confinement where the sentences shall be served."

Thus it is clear that the designation of the place of confinement is exclusively for the Attorney General. The Court merely commits to his custody.

Montos contends that the concurrency provision constituted an invalid designation of the place of confinement and as the Attorney General was not bound to honor it, the sentence is void for uncertainty. The Government asserts that even assuming, arguendo, that a federal court cannot direct a sentence to run concurrently with a state court sentence such a direction amounts to a designation of the place of confinement only and is, therefore, mere surplusage.

■■ The defendant-appellant in his brief filed in this court concedes that as to federal penal institutions "the designation portion" is surplusage. He, however, argues that here the concurrency provision went to the intent of the court as to the length of the sentence. We disagree. The length of the sentence was clear, distinct and definite. Montos was ordered to serve seven years but at his own request the District Court was willing to let him serve that seven years while he was serving his state court sentence. Thus the concurrency provision did nothing more than attempt to

designate the place of confinement. It had nothing whatsoever to do with the length of the sentence. Designation of the place of confinement is no part of a judicial sentence; Aderhold v. Edwards, 5 Cir., 1934, 71 F.2d 297, 298; Bowen v. United States, 10 Cir., 1949, 174 F.2d 323, 324; and is nothing more than surplusage. Bugg v. United States, 8 Cir., 1944, 140 F.2d 848, 851-852.

The order of the District Court denying the motion of the defendant-appellant "to vacate judgment of sentence pursuant to Rule 35, Federal Rules of Criminal Procedure" is affirmed.