Henry **BATEMAN**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

**No. 16362.**

United States Court of Appeals
Eighth Circuit.

April 15, 1960.

Henry Bateman, pro se.

Osro Cobb, U. S. Atty., Little Rock, Ark., and Ralph M. Sloan, Asst. U. S. Atty., Little Rock, Arkansas, for appellee.

Before GARDNER, VOGEL and VAN OOSTERHOUT, Circuit Judges.

VOGEL, Circuit Judge.

This appeal arises out of the District Court's denial of appellant's petition for a writ of error coram nobis. Appellant was arrested in Arkansas on October 15, 1958, pursuant to a warrant issued in Florida on a complaint alleging the violation of 18 U.S.C.A. § 2312. In default of bail, he was held in the Pulaski County jail. While confined he and others unsuccessfully attempted to escape, for which act he was charged with violating 18 U.S.C.A. § 751. On December 9, 1958, he pleaded not guilty to that charge. Subsequently the complaint under 18 U.S.C.A. § 2312 was transferred to the Eastern District of Arkansas. Appellant pleaded guilty thereon and was sentenced by Judge Beck, sitting by assignment, to a term of imprisonment of one year and one day commencing January 23, 1959.

On April 7, 1959, appellant was tried for the alleged violation of 18 U.S.C.A. § 751 and was found guilty. Prior to sentencing, Judge Henley, the presiding judge, was advised of the sentence appellant was then serving and also of the fact that he was a fugitive from a North Carolina state sentence which required his confinement there for a period of 22 or 23 months. The trial judge then stated:

> "It is the judgment of the Court that on the indictment and verdict of the jury the defendant shall be remanded to the custody of the Attorney General to be by him imprisoned in an institution of the Attorney General's choice for a period of twenty-six months to run concurrently with the sentences he is now serving." (Emphasis supplied.)

The commitment, dated April 9, 1959, however, provided that the 26-month sentence was to run concurrently "with the sentence said defendant is now serving in the United States Penitentiary". In explanation thereof, the trial judge stated to the appellant in a letter of April 22, 1959:

> "Now, in sentencing you I stated that your sentence was to run concurrently with both your existing federal sentence and with the sentence that you have to serve in North Carolina. Upon reflection, however, I am convinced that I lacked authority to make your sentence run concurrently with the North Carolina sentence, which you are not yet serving, and that the portion of your sentence providing that it should so run was surplusage. Hence, the sentence that I imposed upon you, which was extremely lenient, will run concurrently with your federal sentence only."

On August 3, 1959, the appellant petitioned the District Court for a writ of error coram nobis, alleging that it was the intention of the trial court in pro-

nouncing sentence for the violation of 18 U.S.C.A. § 751 that he be not imprisoned therefor beyond the duration of his confinement for the violation of 18 U.S.C.A. § 2312 and the pending North Carolina imprisonment. He then asked that the court alter the length of the modified sentence so that its effect would conform to that intent. The District Court denied the petition in a memorandum letter-opinion, stating:

"As I wrote you on April 22, it is quite true that when I pronounced sentence upon you in this case, I stated that said sentence was to run concurrently with both your existing State and federal sentences, but upon reflection I became convinced that I had no authority to make your sentence run concurrently with a State sentence that you had not then begun to serve, and that the most that I could do was to make your sentence run concurrently with the federal sentence that you were currently serving, and the formal commitment which I signed so provided.

"Being still of the opinion that I had no authority to make your sentence run concurrently with the North Carolina sentence, I am today entering an order denying your petition, a copy of which order is enclosed herewith. If you desire to appeal from this order, I will permit you to do so in forma pauperis."

This appeal followed.

■ The Supreme Court in United States v. Mayer, 1914, 235 U.S. 55, 69, 35 S.Ct. 16, 19, 59 L.Ed. 129, discussed the use of the common-law writ of error coram nobis for the correction of certain errors of fact in criminal proceedings and explained that:

"This jurisdiction was of limited scope; the power of the court thus to vacate its judgments for errors of fact existed, as already stated, in those cases where the errors were of the most fundamental character; that is, *such as rendered the proceed-*

*ing itself irregular and invalid."* (Emphasis supplied.)

Subsequently, in United States v. Morgan, 1954, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248, the court referred to that test for the application of the writ and held that that remedy continued to be available in the federal courts under 28 U.S.C.A. § 1651(a), despite the intervening passage of 28 U.S.C.A. § 2255 and Rule 60(b), F.R.Civ.P., 28 U.S.C.A. In so doing, however, the court emphasized that:

"Continuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice." 346 U.S. at page 511, 74 S.Ct. at page 252.

Thus, in Moon v. United States, 1959, 106 U.S.App.D.C. 301, 272 F.2d 530, 532, 533, the court affirmed the District Court's denial of a petition for a writ of error coram nobis on the ground that the litigant failed "to present a case so strong that 'action to achieve justice' is compelled", and that the claimed errors did "not show a lack of fair trial for the sort of miscarriage of justice which might call for immediate relief." Similarly, in Dunn v. United States, 6 Cir., 1956, 238 F.2d 908, 911, appellant's petition was denied because the errors complained of were not such as to render the entire proceeding itself irregular and invalid. See, also, United States v. Gardzielewski, 7 Cir., 1943, 135 F.2d 271; United States v. Baker, D.C.E.D. Ark.1958, 158 F.Supp. 842, 848. Because of this limitation on the use of the writ, no court has applied it to the correction of errors not growing out of the proceeding leading to a criminal conviction but rather arising only from the sentencing thereon. Additionally, decisions of two state courts have affirmatively determined that the common-law writ of error coram nobis is inapposite to any alleged errors of that latter character.

In State v. Campbell, Mo., 1957, 307 S.W.2d 486, the defendant was sentenced to two years' imprisonment with the sentence ordered to run concurrently with a life sentence he was then serving. The court subsequently determined that it was without authority to make the sentences concurrent and therefore ordered that they run consecutively. The defendant then petitioned for a writ of error coram nobis on the grounds that the two-year sentence as amended was in excess of that intended by the court. His petition was denied because:

"In seeking a writ of error coram nobis, the defendant has mistaken his remedy. Such a writ lies for some unknown fact, going to the right of the court to proceed, which entirely defeats the power of the court to attain a valid result in the proceedings. Badger Lumber Co. v. Goodrich, 353 Mo. 769, 184 S.W.2d 435, 439(8). Here there is no allegation of an unknown fact going to the court's jurisdiction. The facts alleged are disclosed on the face of the record; the error, if any, is one of law and the writ will not lie to correct an error of law. State v. Wallace, 209 Mo. 358, 108 S.W. 542, 543(1); City of St. Louis v. Franklin Bank, 351 Mo. 688, 173 S.W.2d 837, 846(11)." 307 S.W.2d at pages 489–490.

Similarly, in People v. Lyle, 1957, 21 Cal.App.2d 132, 68 P.2d 378, the judgment sentencing defendant recited his three previous convictions but stated that the court, nonetheless, would not adjudge him an habitual criminal. However, subsequently the Parole Board did so deem the defendant under a statute requiring that result. He then petitioned the court for a writ of error coram nobis on the ground that the legal effect of the judgment departed from the court's intention. In affirming the lower court's denial of the writ, the Court of Appeals stated:

"Under our statutory forms of procedure, the writ of coram nobis is available to a defendant in a criminal proceeding only when there has been a denial of a trial upon the merits, or in other words, when there has been no trial at all. * * In the instant case there is no claim that the plea entered by appellant was extorted from him by duress of any character or that the proceedings which resulted in his plea of guilt and his admission of three prior felony convictions were affected by any outside force. So far as appears from the record, appellant was properly arraigned, at which time he was represented by counsel and voluntarily entered his plea. His misconception of the legal effect of the judgment pronounced against him did not entitle him to have it vacated through the instrumentality of an application for the common-law writ of coram nobis and the trial court correctly determined that it was without jurisdiction to grant the application." 68 P.2d at pages 380–381.

Additionally, a writ of error coram nobis will not lie, even if the alleged error be fundamental, unless it is probable that a different result would have occurred had the supposed error of fact been known to the trial court. United States v. Morgan, supra, 346 U.S. at page 516, 74 S.Ct. at page 255; Farnsworth v. United States, 1952, 91 U.S. App.D.C. 121, 198 F.2d 600; United States v. West, D.C.N.D.Ohio, 1959, 170 F.Supp. 200. In the instant case Judge Henley indicated his satisfaction with the sentence as modified so as to be concurrent with the federal sentence only by referring to its extreme leniency in his letter of April 22, 1959. We thus conclude that the appellant's petition for a writ of error coram nobis could not justify granting the requested relief.

We next inquire whether appellant's claim might more properly be considered under some other provision of our criminal statutes. 28 U.S.C.A. § 2255 is clearly inapplicable to this proceeding for its sole function is to vacate judgments based upon invalid

convictions. United States v. Morgan, supra; Baker v. United States, 8 Cir., 1959, 271 F.2d 190; Duggins v. United States, 6 Cir., 1957, 240 F.2d 479. Similarly, the appellant may not prevail under Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C.A., providing for the correction of illegal sentences at any time, for the trial judge has admittedly already brought the sentence into conformity with the law by striking from it the invalid concurrency provision. That being so, further relief is unavailable under Rule 35. United States v. Morgan, supra, 346 U.S. at page 506, 74 S.Ct. at page 249; Baker v. United States, supra; Montos v. United States, 7 Cir., 1958, 261 F.2d 39; Duggins v. United States, supra; Cook v. United States, 1 Cir., 1948, 171 F.2d 567. We recognize, however, that, "In behalf of the unfortunates, federal courts should act in doing justice if the record makes plain a right to relief." United States v. Morgan, supra, 346 U.S. at page 505, 74 S.Ct. at page 249. We therefore now consider the merits of appellant's contention.

In Montos v. United States, supra, it was conceded that the District Court was without authority to provide that federal confinement should run concurrently with a sentence the defendant was then serving in Mississippi. The court, however, stated, in regard to the claim of the defendant there similar to that made here:

"He, however, argues that here the concurrency provision went to the intent of the court as to the length of the sentence. We disagree. The length of the sentence was clear, distinct and definite. Montos was ordered to serve seven years but at his own request the District Court was willing to let him serve that seven years while he was serving his state court sentence. Thus the concurrency provision did nothing more than attempt to designate the place of confinement. It had nothing whatsoever to do with the length of the sentence. Designation of the place of confinement is no part of a judicial sentence; Aderhold v. Edwards, 5 Cir., 1934, 71 F.2d 297, 298; Bowen v. United States, 10 Cir., 1949, 174 F.2d 323, 324; and is nothing more than surplusage. Bugg v. United States, 8 Cir., 1944, 140 F.2d 848, 851–852." 261 F.2d at page 40.

United States ex rel. Brown v. Hill, 3 Cir., 1934, 74 F.2d 822, involved a sentence ordered, in clear violation of the statute, to commence some two months prior to the date of judgment. The court there explained:

"It is clear from the words of the sentence that the term of imprisonment was five years. It is equally clear that, in fixing the date for commencement of the term prior to the date of sentence, the learned trial judge intended to give the prisoner the benefit of the time he had been imprisoned before conviction. * *

* * * * * *

* * * The court's direction that it should begin on October 15, 1932, did not make inoperative the provision of the statute which says it should begin when the prisoner is received in the penitentiary. In other words, the court fixed the term; the law named the time of its commencement. We are therefore of the opinion that the effort of the trial court (inadvertently made in behalf of the prisoner) to fix the commencement of the term at a date earlier than that provided by the statute was error and in consequence invalid; yet it affected the validity of the sentence only to that extent, leaving the rest of the sentence as though the court had said nothing about the commencement of the term." 74 F.2d at pages 822, 823.

The Missouri Supreme Court in State v. Campbell, supra, 307 S.W.2d at page 490, referring to the invalid concurrency provision of the sentence there, stated:

"However, the inclusion of an unlawful and ineffective provision in a

judgment of conviction, otherwise valid, does not render the entire judgment void, because the portion of the sentence which is contrary to law would be treated as surplusage and disregarded."

See, also, Rohr v. Hudspeth, 10 Cir., 1939, 105 F.2d 747; Mitchell v. Shank, D.C.E.D.Ky.1952, 105 F.Supp. 274. Cf., Bugg v. United States, 8 Cir., 1944, 140 F.2d 848; Aderhold v. Edwards, 5 Cir., 1934, 71 F.2d 297; United States ex rel. Anagnosti v. Hill, D.C.M.D.Pa.1938, 24 F.Supp. 53; Sengstack v. Hill, D.C.M.D. Pa.1936, 16 F.Supp. 61. We, therefore, find that the appellant is not entitled to the relief requested.

Affirmed.