Dear Mr. Perry:
This opinion is in response to your questions asking:
 1. Whether Section 559.021, RSMo 1986 prohibits a Circuit Court Judge from ordering as a condition of probation a defendant to make payment to a county fund of a sum of money to be used for law enforcement purposes.
 2. Whether a county commission in a second class county has the authority to create a fund in the county treasury to receive such money and expend the money for law enforcement purposes only.
We have received Section 559.021, RSMo 1986 and find that this statute does not prohibit a circuit court judge from ordering as a condition of probation the payment of a sum of money to be used solely for law enforcement purposes. Subsection 2 of such section provides:
 559.021. Conditions of probation — compensation of victims — free work, public or charitable.
* * *
 2. In addition to such other authority as exists to order conditions of probation, the court may order such conditions as the court believes will serve to compensate the victim, any dependent of the victim, or society. Such conditions may include, but shall not be limited to
 (1) Restitution to the victim or any dependent of the victim, in an amount to be determined by the judge; and
 (2) The performance of a designated amount of free work for a public or charitable purpose, or purposes, as determined by the judge.
(Emphasis added.)
This statute sets forth some of the conditions which may be imposed by the circuit court judge but it does not negate other possibilities. In fact, this provision contains expansive language granting the circuit court judge broad discretion to tailor conditions of probation. In addition to the broad grant of discretion, statutes providing for suspension of sentence and probation are considered remedial and have been liberally construed by some courts. Mever v. Missouri Real Estate Commission,183 S.W.2d 342, 345 (Mo.App. 1944); Reeves v. UnitedStates, 35 F.2d 323, 325 (8th Cir. 1929).
There are, however, some limitations on conditions of probation. When an accused is placed on probation his liberty is subject to all conditions attached to that release which are not illegal, immoral or impossible to perform. State v.Brantley, 353 S.W.2d 793 (Mo. 1962). If a condition of probation to pay into a fund is impossible to perform, probation cannot be revoked because the accused is unable to pay. The United States Supreme Court in Bearden v. Georgia,461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983), held that a state cannot impose a fine or restitution as a condition of probation and then automatically revoke the probation solely because the probationer is indigent and cannot pay. The court reasoned that the state cannot use a probationer's poverty as its sole justification for imprisonment. See also Black v. Romano, 471 U.S. 606,105 S.Ct. 2254, 85 L.Ed.2d 636 (1985). The appellate courts have upheld conditions of probation that are tailored to serve the rehabilitation of the accused and the protection of the public. Fiore v. United States, 696 F.2d 205, 208 (2nd Cir. 1982). The conditions must bear a reasonable relationship to the treatment of the accused and the protection of the public. United States v. Pastore, 537 F.2d 675, 681 (2nd. Cir. 1976). Further, a circuit court judge cannot require as a condition of probation that a defendant make financial contribution to any fund over which the judge has direct supervisory authority and/or administrative control. In re Matter ofStorie, 574 S.W.2d 369 (Mo. banc 1978). Based on the information submitted with your opinion request, it appears the circuit court judge would not have such control over the fund.
In regard to the second question concerning the creation of a fund in the county treasury, Section 50.550, RSMo 1986, provides in part: "The county commission may create other funds as are necessary from time to time." Therefore, the county commission has express statutory authority to create a fund in the county treasury to receive such money and expend the money for law enforcement purposes only.
Conclusion
It is the opinion of this office that (1) Section 559.021, RSMo 1986 does not prohibit a circuit court judge from ordering as a condition of probation payment of a sum of money to be used for law enforcement purposes, and (2) Section 50.550, RSMo 1986, authorizes the county commission to create a fund in the county treasury for this purpose.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General