

---

A. M. Trudeau, Jr., New Orleans, La., for appellants.

Francis W. Watts, Jr., Franklinton, La., for appellees.

Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.

PER CURIAM:

Pursuant to Rule 18 of the Rules of the Court, this case has been placed on the summary calendar for disposition without oral argument.[1]

This appeal is from an order dismissing a complaint against defendant law enforcement officers for the wrongful death of plaintiffs' son. The complaint was couched in terms of illegal conduct and negligence. The District Court, sitting without a jury, dismissed the case for failure of proof. Findings of fact and conclusions of law were entered. They are amply support-

ed by the record and the applicable law and must therefore stand under Rule 52(a), F.R.Civ.Procedure.

The record discloses the following facts. Decedent was in a Louisiana cafe where a dice game was in progress. He was not participating in the game but sitting nearby. The officers raided the game and the participants were told that they were under arrest. A scuffle ensued between one of the officers and one of the gamblers. During the scuffle the officer attempted to draw his pistol to enforce the arrest. Just as the gun was removed from the holster it was discharged as a result of the officer's arm being struck by the gambler. The bullet accidentally hit the decedent.

The subsidiary findings of fact support the conclusion that only such force was being used by the officer as was necessary in the circumstances, and that the officer was not negligent in that the intervening blow against his arm caused the gun to go off. There the matter ends.

Affirmed.

Oscar Douglas NELSON, Jr., Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 26795.

United States Court of Appeals Fifth Circuit.

Feb. 6, 1969.

---

1. In order to establish a docket control procedure, the Fifth Circuit adopted new Rules 17–20 on December 6, 1968. See

Wittner v. United States, 5 Cir., 1969, 406 F.2d 1165 [1969], Fn 1 and Appendix thereto.

sentence. His presence in federal court was obtained by issuance of a writ of habeas corpus ad prosequendum, in response to his *pro se* motion for a speedy trial.

Trial proceedings under these circumstances are common, and have been approved in many decisions. E. g., Clark v. United States, 5 Cir. 1966, 367 F.2d 378; Gardner v. United States, 5 Cir. 1960, 274 F.2d 380.

Other contentions of the appellant need not be discussed herein, since they are alleged for the first time in his appellate briefs.

The judgment is affirmed.

Oscar Douglas Nelson, Jr., pro se.

Edward F. Boardman, U. S. Atty., Charles S. Carrere, Asst. U. S. Atty., Tampa, Fla., for appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

Pursuant to Rule 18 of the Rules of the Court, this case has been placed on the summary calendar for disposition without oral argument.[1]

The appellant, who is serving a Florida state prison sentence, petitioned for annulment of a sentence imposed by the United States District Court in Tampa, Florida.

The district court denied relief on the merits, although the appellant has not commenced service of the sentence. See Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968).

The appellant's sole contention was that it was error to impose the federal sentence while he was serving his state

Wadie **KIEL**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 25988.

United States Court of Appeals
Fifth Circuit.

Feb. 10, 1969.

---

1. In order to establish a docket control procedure, the Fifth Circuit adopted new Rules 17–20 on December 6, 1968. See Wittner v. United States, 5 Cir., 1969, 406 F.2d 1165, Fn 1 and Appendix thereto.