**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jerry Wayne HUNTER, Defendant-Appellant.**

**No. 27008
Summary Calendar.**

United States Court of Appeals
Fifth Circuit.

Oct. 17, 1969.

———◆———

Larry Schoenbrun (Ct. Apptd.), Dallas, Tex., for appellant.

Eldon B. Mahon, U. S. Atty., Andrew Barr, Asst. U. S. Atty., Dallas, Tex., for appellee.

Before THORNBERRY, MORGAN and CARSWELL, Circuit Judges.

PER CURIAM:

Appellant and another man were indicted for escape from a federal reformatory, for kidnapping and transporting the victim in interstate commerce, and for transporting a stolen automobile in interstate commerce. Appellant was represented by appointed counsel before the Federal District Court for the Northern District of Texas, and pled guilty to each of the offenses charged. Appellant was sentenced to a term of thirty years on the kidnapping count and to terms of four years each on the stolen automobile and escape counts. He takes this appeal from those sentences.[1]

Appellant's sole argument is that he was denied adequate representation of counsel in violation of the Sixth Amendment of the United States Constitution. He makes no assertion, however, that the record reflects any error, plain

1. Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the Clerk to place the case on the Summary Calendar and to notify the parties in writing. *See* Murphy v. Houma Well Service, 5th Cir. 1969, 409 F.2d 804, Part I.

or otherwise. He cites no defect in the proceedings, no specific inadequacy in defense counsel's representation. In fact, appellant admits that his appointed counsel worked diligently on his behalf. Appellant argues, however, that he was denied his Sixth Amendment right to counsel because his appointed trial counsel was a specialist in oil and gas and corporate work and had no experience or expertise in criminal law. That is perhaps an interesting theory, but one that is not properly before this Court. This point was not raised before the district court, and the record does not present sufficient facts for a determination of this question on direct appeal. *See* Moore v. United States, 5 Cir. 1966, 359 F.2d 852. The Government has not been afforded an opportunity to prove that appellant's appointed counsel gave his client adequate representation, nor the opportunity to present evidence showing the quality of justice being administered in federal courts in the Northern District of Texas as a result of the Criminal Justice Act and the plan for appointment of defense attorneys adopted under that Act.

The judgment is affirmed, without prejudice to the right of the appellant to present his contention involving representation of counsel by other proceedings available to him. See Moore v. United States, supra, and Tyree v. United States, 5th Cir. 1965, 351 F.2d 611.