**Willard Junior CHUNN, Petitioner-Appellant,**

v.

**J. J. CLARK, Warden, Respondent-Appellee.**

No. 71–2316

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 17, 1971.

Willard Junior Chunn, pro se.

John W. Stokes, Jr., U. S. Atty., Anthony M. Arnold, Asst. U. S. Atty., Atlanta, Ga., for respondent-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

This appeal is taken from an order of the district court dismissing the appel-

* [1] Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

lant's petition for the writ of mandamus. We affirm.

While the appellant, Chunn was already in the custody of the State of Alabama, he was convicted of post office burglary and possession of stolen money orders, violations of 18 U.S.C.A. §§ 500 and 2115. On February 13, 1967 he was sentenced by the United States District Court which tried him to imprisonment for ten years, which sentence was expressly made concurrent with the Alabama sentence he was then serving. On a subsequent occasion while Chunn was in the temporary custody of federal authorities on a writ of habeas corpus ad prosequendum, he escaped. Still later, he was returned to federal custody by the State of California following his apprehension, conviction and imprisonment for a violation of that State's criminal laws. Federal officials thereupon delivered Chunn to Alabama. Following a period of incarceration under his state sentence in Alabama, he was paroled to federal authorities on February 8, 1971.

In his petition for mandamus, Chunn contends that federal authorities lost jurisdiction over him by relinquishing him to Alabama authorities after having him in federal custody. Appellant also contends that his federal sentence is void because the trial judge did not have authority to order that the federal sentence run concurrently with his state sentence. Both of these contentions are without merit.

 It is well-established that a prisoner has no standing to contest an agreement between two sovereigns concerning the temporary exchange of custody of the prisoner on a writ of habeas corpus ad prosequendum, or their agreement as to the order of his prosecution and execution of sentences. Dorrough v. Texas, 440 F.2d 1063 (5th Cir. 1971); Nelson v. United States, 406 F.2d 1322 (5th Cir. 1969); Montos v. Smith, 406 F.2d 1243 (5th Cir. 1969); Derengowski v. United States Marshal, 377 F.2d 223 (8th Cir. 1967). Thus federal authorities did not lose jurisdiction over Chunn by complying with their writ duty to return him to Alabama authorities.

 Even if we agreed with Chunn's contention that a federal judge is without full authority to order that the term of the sentence he imposes shall run concurrently with the term of any pending state sentence [a proposition on which this circuit has never ruled], the fact that he did so order still could not render the entire sentence void. The most that would result would be that the portion of the order requiring the sentence to be concurrent could be disregarded as surplusage, while the portion of the order sentencing Chunn to ten years imprisonment would remain valid. *Cf.* Aderhold v. Edwards, 71 F.2d 297 (5th Cir. 1934), and Bateman v. United States, 277 F.2d 65 (8th Cir. 1970).[1] Striking the concurrency provision while still upholding the ten year sentence is a result which would avail Chunn naught. The Sentence Computation Record in the record before us demonstrates that the federal trial judge's sentencing order has been fully complied with, and that in point of mathematic fact, Chunn has been given credit against his federal sentence for all time actually served on his state sentence.[2]

---

1. We emphasize that we do not have before us a factual situation in which it is asserted that the prerogative clearly vested in the Attorney General to designate the *place of confinement* could be used to negate an express court adjudication that the *term of imprisonment* for a federal offense shall not extend beyond a specified length of time from the date sentence is pronounced. As noted parenthetically above, this is still an open question in this circuit.

2. This Sentence Computation Record indicates, however, that no presentence jail time credit was allowed. Under the opinion of the court below, which relies on Davis v. Attorney General, 425 F.2d 238 (5th Cir. 1970), or, alternatively, under Hart v. Henderson, 449 F.2d 183 (5th Cir. 1971) [October 1, 1971], such presentence jail time is due to be credited.

Chunn also contends that he was denied his right to extradition procedures in California when that state delivered him to Alabama officers. This contention is without merit. Chunn escaped from federal officers who held him pursuant to a writ which obliged them to render him to Alabama upon the completion of his prosecution. When he was jailed in California and his presence there became known to federal officials, the federal government had the primary responsibility, under the terms of the limited writ which authorized their prior custody, to obtain Chunn and return him to Alabama. This was in no sense a circumvention of extradition rights.

In this court, but not in the court below, Chunn has requested that certain court and prison records be provided to him. We decline to consider this belatedly raised matter. 28 U.S.C.A. §§ 1291, 1292; United States v. Hall, 440 F.2d 1277 (5th Cir. 1971); United States v. Hunter, 417 F.2d 296 (5th Cir. 1969); Hemming v. United States, 409 F.2d 11 (5th Cir. 1969).

Affirmed.