**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Gerald Wayne PRINCE, Defendant-Appellant.**

**No. 71-2387.**

United States Court of Appeals, Fifth Circuit.

March 16, 1972.

Bertrand C. Moser, Houston, Tex. (Court Appointed), for defendant-appellant.

Eldon B. Mahon, U. S. Atty., Charles D. Cabaniss, Asst. U. S. Atty., Dallas, Tex., W. Andrew Barr, Cecil Emerson, Asst. U. S. Attys., for plaintiff-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

Gerald Wayne Prince was convicted of violating 18 U.S.C. § 659 for knowingly possessing 566 cases of stolen spark plugs while they were moving in interstate commerce from Toledo, Ohio to Dallas, Texas. On this direct appeal he contends that his conviction should be reversed because of the ineffective assistance of counsel. We affirm.

Our decision in United States v. Knight, 451 F.2d 275 (5th Cir. 1971) furnishes a prelude to this case. That decision sets forth the background facts and the several contentions of the appellants, Bobby Ray Knight and Bobby Gene Grubbs, who were jointly indicted with Prince. Prince was tried separately and subsequently to the trials of Knight and Grubbs. When the case of Prince came on for trial, he and his counsel stated that they wished to incorporate by reference and to stipulate that the evidence presented to the court in the earlier trial would be submitted to the court as the evidence in the non-jury trial of Prince. Both Prince and his counsel assured the court that they understood and approved the stipulation. Prince was found guilty and sentenced to five years imprisonment.

Prince now contends that the record before us clearly demonstrates that his counsel did not render effective assistance and therefore that the judgment of conviction should be reversed. We disagree with this contention and conclude that Prince can not properly raise the issue of the adequacy of counsel for the first time on direct appeal. The record now before us does not present sufficient facts for a proper resolution and

determination of that issue. The question was not raised in the district court and no facts bearing upon the subject were presented to the trial court. The government has not had an opportunity to present evidence opposing the claims of Prince that his attorney was ineffective. United States v. Hunter, 417 F.2d 296 (5th Cir. 1969); Ortega-Lira v. United States, 406 F.2d 834 (5th Cir. 1969); Moore v. United States, 359 F.2d 852 (5th Cir. 1966).

The judgment of the district court is affirmed without prejudice to the right of Prince to raise the issue of the ineffective assistance of counsel in a proper proceeding pursuant to 28 U.S.C. § 2255.

Judgment affirmed.