# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 98-CP-00545-SCT

*CECIL SMOTHERS*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/02/1998 |
| TRIAL JUDGE: | HON. BARRY W. FORD |
| COURT FROM WHICH APPEALED: | PONTOTOC COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY: | JOHN R. YOUNG |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 2/25/99 |
| MOTION FOR REHEARING FILED: | 3/8/99 |
| MANDATE ISSUED: | 5/13/99 |

**BEFORE PITTMAN, P.J., BANKS AND MILLS, JJ.**

**PITTMAN, PRESIDING JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

¶1. The facts in the instant case are undisputed. Cecil D. Smothers, (hereinafter Smothers) a fugitive from justice, was arrested in Pontotoc County, Mississippi, on or about November 8, 1996, and charged with the offense of manufacturing marijuana. Mid-November 1996, prior to disposition of this case, a fugitive warrant was filed for exclusive custody and control of Smothers by the Commonwealth of Kentucky, as Smothers had escaped from their custody while serving a sentence there. On November 20, 1996, Smothers signed a waiver of extradition to the Commonwealth of Kentucky. However, the State of Mississippi refused to relinquish jurisdiction of Smothers until disposition of the charges pending against him in Pontotoc County.

¶2. On January 27, 1997, a final disposition of Smothers' offenses was rendered. A sentence of twenty years was imposed with thirteen years suspended. This sentence was to run concurrently with any sentence in the Commonwealth of Kentucky. Thereafter, Smothers was returned to Kentucky and approximately

two months later, a detainer was placed against Smothers by Mississippi authorities. Smothers is currently serving a sentence of nine years, with approximately twenty months served and will have to serve another sixteen months before becoming eligible for parole.

## STANDARD OF REVIEW

¶3. This Court reviews questions of law with a de novo standard. *Mauney v. State*, 707 So.2d 1093 (Miss. 1998); *Snapp v. Harrison*, 699 So.2d 567, 569 (Miss. 1997) (citing *Mississippi Farm Bureau Cas. Ins. Co. v. Curtis*, 678 So.2d 983, 987 (Miss. 1996); *Seymour v. Brunswick Corp.*, 655 So.2d 892, 895 (Miss. 1995)). The issue raised in this appeal is purely a question of law and, therefore, will be reviewed de novo.

## LEGAL ANALYSIS

¶4. The only real issue presented in this appeal is as follows:

**I. HAS MISSISSIPPI WAIVED JURISDICTION OVER SMOTHERS BY EXTRADITING HIM TO THE COMMONWEALTH OF KENTUCKY BEFORE HE HAS SERVED OUT HIS SENTENCE FROM HIS PONTOTOC COUNTY CONVICTION FOR THE MANUFACTURING OF MARIJUANA?**

¶5. Smothers, in his initial brief argued that Mississippi had not conformed to the Interstate Agreement on Detainers (IAD) or the Uniform Criminal Extradition Act (UCEA). In his brief he stated as follows:

Appellant is <u>not</u> challenging the legality of the sentence imposed, but the illegal procedure used for enforcement of that sentence by failure to comply with due process and proper procedures with the Interstate Agreement Act. Extradition laws and the Interstate Agreement Act was enacted to provide a method for States to transfer prisoner (sic) from one jurisdiction to another without the lost (sic) of jurisdiction or violation (sic) the prisoners (sic) constitutional rights. The procedure used in this case, violated the appellants (sic) constitutional rights as well as provided a loss of jurisdiction when the State of Mississippi released the appellant prior to completion of his sentence.

(Emphasis as found in the Appellant's brief).

¶6. The State correctly points out that Mississippi is not a signatory to either the IAD or the UCEA and, therefore, is bound by neither. Smothers admits as much in his reply brief where he states:

The Appellee (sic) admits that Mississippi is **<u>not</u>** a party to the **<u>Interstate Agreement on Detainers</u> (IAD)**, nor is it a signatory to the **<u>Uniform Criminal Extradition Act</u> (UCEA)**, therefore, this Court must answer the question as to what **<u>legal</u>** and **<u>lawful</u>** authority the State of Mississippi would have in the extradition and return of the appellant.

(Emphasis as found in the Appellant's brief).

¶7. This Court holds that the authority by which Mississippi extradites Smothers to the state of Kentucky is found in the United States Constitution. Article four, section two, clause two of the United States Constitution states as follows:

A person charged in any State with Treason, Felony, or other Crime, who shall flee from Justice, and

be found in another State, shall on Demand of the executive Authority of the State from which he fled, be delivered up, to be removed to the State having Jurisdiction of the Crime.

Here Smothers fled from justice in Kentucky to Mississippi where he was arrested on a violation of Mississippi's law and was returned upon request from the sovereign state of Kentucky. Under the Constitution of the United States, Mississippi has the power to extradite Smothers back to Kentucky.

¶8. As this appears to be a case of first impression before this Court, neither Smothers nor the State was able to cite any Mississippi case law on point. However, the Fifth Circuit Court of Appeals has addressed this very issue and this Court chooses to follow the very clear and reasoned precedent of that federal court in this instance.

¶9. In *Chunn v. Clark*, 451 F.2d 1005 (5th Cir. 1971), the Fifth Circuit Court of Appeals faced a near identical set of factual circumstances. In *Chunn*, the defendant, Chunn, while in the custody of the State of Alabama was convicted of post office burglary and possession of stolen money orders and was sentenced by the United States District Court which tried and sentenced him to ten years which sentence was to run concurrently with the Alabama sentence. *Id.* at 1006. While Chunn was in the temporary custody of the federal authorities he escaped. *Id.* Later, he was returned to federal custody by the State of California after being apprehended, convicted and imprisoned there for a violation of California's criminal laws. *Id.* Federal officials then delivered Chunn back to Alabama. *Id.* Following a period of incarceration under the Alabama sentence, he was paroled to the federal authorities. *Id.*

¶10. In his petition for mandamus, Chunn used the same argument as Smothers uses here; that the federal authorities lost jurisdiction over him by relinquishing him to Alabama authorities after having him in federal custody. *Id.* The Fifth Circuit Court of Appeals dismissed Chunn's petition for writ of mandamus holding as follows:

> It is well-established that a prisoner has no standing to contest an agreement between two sovereigns concerning the temporary exchange of custody of the prisoner on a writ of habeas corpus ad prosequendum, or their agreement as to the order of his prosecution and execution of sentences. *Dorrough v. Texas*, 440 F.2d 1063 (5th Cir. 1971); *Nelson v. United States*, 406 F.2d 1322 (5th Cir. 1969); *Montos v. Smith*, 406 F.2d 1243 (5th Cir. 1969); *Derengowski v. United States Marshal*, 377 F.2d 223 (8th Cir. 1967). Thus federal authorities did not lose jurisdiction over Chunn by complying with their writ duty to return him to Alabama authorities.

*Chunn v. Clark*, 451 F.2d 1005, 1006 (5th Cir. 1971).

¶11. This Court adopts the reasoning of the Fifth Circuit Court of Appeals and holds that Smothers has no standing to contest the agreement between the two sovereign states of Kentucky and Mississippi. Therefore, this assignment of error is without merit.

¶12. **AFFIRMED.**

**PRATHER, C.J., SULLIVAN, P.J., BANKS, McRAE, ROBERTS, SMITH, MILLS AND WALLER, JJ., CONCUR.**