CHANDLER, J.,
for the Court.
¶ 1. Clinton Cressionnie has appealed the denial of his application for writ of habeas corpus. Finding no error, we affirm.
FACTS
¶ 2. Lamar County law enforcement officials detained Cressionnie on a grand larceny charge. Cressionnie escaped from custody and stole a truck and two bicycles. He was recaptured and indicted by a Lamar County grand jury for felony escape and two counts of grand larceny. Before trial, Cressionnie escaped once again and fled to the State of Florida, where he committed more crimes. On June 18,1996, Florida officials apprehended Cressionnie for the Florida crimes and discovered the pending Mississippi charges. Mississippi was notified that Cressionnie was in custody, and Mississippi prosecutors timely filed an extradition request for Cression-nie’s person.
¶ 3. Florida executed a warrant for Cressionnie’s detention and extradition to Mississippi, but elected to retain Cression-nie’s person until resolution of the Florida charges. Mississippi prosecutors made periodic inquiries of Florida prison officials as to when Cressionnie might be released and extradited. On July 31, 1998, Cres-sionnie completed his Florida sentence and was extradited to Mississippi. Cressionnie was tried and convicted of the three pending charges in the Lamar County Circuit Court. Cressionnie appealed, and this Court affirmed his conviction and sentence on March 20, 2001. Cressionnie v. State, 797 So.2d 289, 294 (¶ 18) (Miss.Ct.App.2001).[1]
¶ 4. On November 19, 2001, Cressionnie filed an application for writ of habeas corpus in the Circuit Court of Sunflower County. Cressionnie argued that his imprisonment by the State of Mississippi is illegal because, under federal extradition law, he was untimely extradited to Mississippi. The circuit court denied the application, finding that the delayed extradition did not violate extradition laws. The court held that, because Cressionnie was serving a sentence in Florida for crimes committed there, Florida had no obligation to return Cressionnie until completion of that sentence. The trial court further found that Cressionnie was promptly extradited to Mississippi upon completion of the Florida sentence. Cressionnie now appeals pro se from the denial of the application.
LAW AND ANALYSIS
¶ 5. The source of authority for extradition of a fugitive from one state to another is U.S. Const, art. IV, § 2, cl. 2. Federal extradition law is codified at 18 U.S.C.A. § 3182, which states that:
Whenever the executive authority of any State or Territory demands any person as a fugitive from justice, of the executive authority of any State, District, or Territory to which such person has fled, and produces a copy of an *73 indictment found or an affidavit made before a magistrate of any State or Territory, charging the person demanded with having committed treason, felony, or other crime, certified as authentic by the governor or chief magistrate of the State or Territory from whence the person so charged has fled, the executive authority of the State, District, or Territory to which such person has fled shall cause him to be arrested and secured, and notify the executive authority making such demand, or the agent of such authority appointed to receive the fugitive, and shall cause the fugitive to be delivered to such agent when he shall appear. If no such agent appears within thirty days from the time of the arrest, the prisoner may be discharged.

Id.

¶ 6. The statute prescribes the process for interstate extradition of a fugitive from justice. The demanding state must properly request rendition of the fugitive. Then, the asylum state must arrest and secure the fugitive, and notify the demanding state. An agent of the demanding state must appear within thirty days from the date of the arrest to take custody of the fugitive. If the agent does not appear within thirty days, the fugitive may be discharged.
¶ 7. Cressionnie argues that the statute required that Mississippi produce its agent within thirty days from the date of his arrest in Florida. This argument ignores the fact that the statute, and its thirty day requirement, apply when the sole basis for the asylum state’s detention of a fugitive is the demanding state’s extradition request. In the case sub judice, Cressionnie’s detention was based upon crimes he had committed in Florida as well as on Mississippi’s extradition request. “[A] sovereignty, or its courts, having possession of a person or property cannot be deprived of the right to deal with such person or property until its jurisdiction and remedy is exhausted and no other sovereignty, or its courts, has the right or power to interfere with such custody or possession.” Lunsford v. Hudspeth, 126 F.2d 653, 655 (10th Cir.1942).
¶ 8. In light of this principle, an asylum state may postpone extradition until the resolution of criminal charges incurred by the fugitive during his refuge in the asylum state. See, e.g., Paley v. Bieluch, 785 So.2d 692, 694 (Fla.Dist.Ct.App.2001). In Smothers v. State, our supreme court adopted well-settled federal law that a fugitive has no standing to challenge an arrangement between two states as to the order of his prosecution and execution of sentences. Smothers v. State, 741 So.2d 205, 207 (¶ 10) (Miss.1999) (citing Chunn v. Clark, 451 F.2d 1005, 1006 (5th Cir. 1971)). In this case, Florida and Mississippi elected to allow Cressionnie to complete his Florida sentence before extradition for trial in Mississippi. Under Smothers, Cressionnie lacks standing to challenge the order of prosecution and sentencing arranged by the states. Id. At completion of the Florida sentence, Mississippi had thirty days in which to present its agent for extradition, or risk Cression-nie’s discharge by Florida. 18 U.S.C.A. § 3182. However, extradition occurred the day that Cressionnie completed the Florida sentence and, therefore, was timely. Id.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF SUNFLOWER COUNTY DISMISSING WITH PREJUDICE AN APPLICATION FOR A WRIT OF HABEAS CORPUS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SUNFLOWER COUNTY.
*74 McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, AND MYERS, JJ., CONCUR. GRIFFIS, J., NOT PARTICIPATING.

. One of Cressionnie's arguments on appeal was that his right to a speedy trial was violated because Mississippi did not make a diligent effort to bring him to trial after his speedy trial demand. Cressionnie, 797 So.2d at 291(114). This Court found that Cressionnie’s right to a speedy trial was not violated; though the trial court erred by failing to consider available procedures to effect a speedy return of Cressionnie's person, the error was harmless because the failure did not significantly delay Cressionnie's Mississippi trial. Id. at 293 (¶¶ 12-13).