TJOFLAT, Circuit Judge,
specially concurring:
I obviously concur in the court’s judgment in its entirety. I write separately to explain why I believe appellate courts so rarely- — and, in my view, should only rarely — notice plain evidentiary errors. I arrive at this conclusion based on the interaction between the plain error standard and the inferences that should be drawn from defense counsel’s failure to object at trial.
I note, initially, the limited scope of my discussion. I discuss only the admission of evidence by the prosecution, over no objection, in criminal cases. There is no need to address exclusion of evidence offered by the defendant (as the attempted introduction of the evidence would sufficiently raise the issue for full review on appeal) or evidentiary rulings in favor of the defendant (as the prosecution cannot appeal). I am only concerned with criminal cases as I believe that it is only the defendant’s Sixth Amendment right to counsel that provides any basis for plain error review. As such, everything I say here applies with even greater force in the civil context where there is no constitutional right to an attorney.[1]
To begin, I recite what should now be a familiar standard: Under plain error re-viéw, an appellate court may exercise its discretion to notice an error that is plain and that affects substantial rights, so long 'as the error affects the fairness, integrity, or public reputation of judicial proceedings. It should be immediately apparent that the standard itself sets an extraordinarily difficult burden for a defendant to overcome — particularly in instances where the district court has substantial discretion to admit evidence (for example, where the defendant claims that the probative value of a piece of evidence is substantially outweighed by its potential for unfair prejudice, see Fed.R.Evid. 403). Evidentiary rulings, of which counsel and the trial judge should have been aware, are often quite case- and fact-specific and it is therefore unlikely that a defendant would be able to point to a court decision or eviden-tiary rule making the admission of the evidence obviously erroneous. Despite this difficulty, there certainly are circumstances in which an appellate court could say that, given extant case law at the time of appeal, a piece of evidence admitted at trial was clearly excludable (e.g., hearsay that is not otherwise admissible under Federal Rules of Evidence 803 or 804). I do not believe, however, that even such circumstances are properly recognizable as plain error.
What is often overlooked in the rote application of the plain error standard is that, without objection, it is almost impossible to conclude that the district court *1300 committed error at all. It is one thing to say that evidence, if objected to, should have been excluded; it is quite another to say that admission of evidence over no objection is error in some abstract sense. The error in the former circumstance is the district court’s failure to sustain the defendant’s objection; in the latter, the error is evidently the improper infringement upon a defendant’s unwaivable right to be tried only by admissible evidence. The problem with the second formulation is that defense counsel can waive eviden-tiary restrictions, and often has legitimate strategic reasons for doing so. Defense counsel may believe, for example, that a piece of evidence will turn out to be exculpatory rather than inculpatory, or counsel may want to tie a witness to certain statements.[2] Reviewing admission of evidence for plain error, however, can serve to transform defense counsel’s strategic decisions into district court errors. Trial counsel’s sound strategy does not become plain error at appellate counsel’s urging.[3]
A conclusion that the admission of certain evidence constitutes plain error is a determination that the evidence was so obviously inadmissible and prejudicial that, despite defense counsel’s failure to object, the district court, sua sponte, should have excluded the evidence. Thus, the existence of plain error review forces the district court, in an effort to avoid the rever *1301 sal of conviction and a retrial, to intervene and exclude the evidence on its own initiative. In determining whether to do so, the district court must either ignore the possibility that defense counsel is choosing not to object for strategic reasons (and therefore intervene in every instance) or must weigh that possibility against the potential time and cost of a retrial (assuming one is even possible under the circumstances). To the extent the district court even attempts the latter analysis, however, it does so at a specific moment during the course of the trial without the benefit of the entire record (in particular, what other evidence the prosecution is prepared to offer, and what use the prosecution or defense intends to make of the evidence). Because it is extraordinarily difficult, if not impossible, to determine, mid-trial, whether the admission of a certain piece of excludable evidence prejudices a defendant’s substantial rights, the possibility of a retrial creates an incentive for the district court always to intervene.[4] This result essentially deprives defense counsel of the ability to determine strategically a client’s most effective defense — a consequence I would prefer to avoid.[5] Cf. Estelle v. Williams, 425 U.S. 501, 512, 96 S.Ct. 1691, 1697, 48 L.Ed.2d 126 (1976) (“Under our adversary system, once a defendant has the assistance of counsel the vast array of trial decisions, strategic and tactical, which must be made before and during trial rests with the accused and his attorney. Any other approach would rewrite the duties of trial judges and counsel in our legal system.”).
I should be quick to add that I hold no illusions of infallibility with respect to the legal profession. In some cases, defense counsel may actually fail to notice that inadmissible evidence is being admitted. In others, however, counsel may make a strategic decision not to object to the admission of evidence. The role of an appellate court under plain error review, therefore, is to sort out the error from the strategy, to the extent strategy is considered at all. This is a role for which appellate courts are particularly ill-suited. I believe our ineffective assistance of counsel case law is instructive in this regard.
Ineffective assistance claims invariably involve a determination of whether an attorney was acting strategically or incompetently. We have appropriately concluded that such determinations ought not to be made on direct appeal. See United States v. Griffin, 699 F.2d 1102, 1107 (11th Cir.1983) (“The law of this Circuit is that claims of inadequate representation cannot be determined on direct appeal where such claims were not raised before the District Court and there has been no opportunity to develop and include in the record evidence bearing on the merits of the allegations.”); id. at 1107-09. Without factual development, it is nearly impossible for an appellate court to determine whether or *1302 not counsel’s decisions were strategic or to assess the overall quality of counsel’s representation. See, e.g., United States v. Prince, 456 F.2d 1070, 1070-71 (5th Cir.1972) (“[Defendant] can not properly raise the issue of the adequacy of counsel for the first time on direct appeal. The record now before us does not present sufficient facts for a proper resolution and determination of that issue. The question was not raised in the district court and no facts bearing upon the subject were presented to the trial court. The government has not had an opportunity to present evidence opposing the claims of [defendant] that his attorney was ineffective.”). Similarly, in the context of plain error review of “improperly” admitted evidence, it is extremely difficult, although not impossible, to determine whether counsel’s failure to object to the admission of excludable evidence was error or strategy. Cf. Flores v. Estelle, 513 F.2d 764, 770 (5th Cir.1975) (Goldberg, Circuit Judge, dissenting) (“Nor is this even a case in which we might reasonably judge that counsel silently disregarded the point as a tactical gambit in a complex trial: there was only one question at issue and that issue was being proved by the State entirely through hearsay. In such a context, and where the objective events recorded in the transcript lend speculation no support, I am unwilling to attribute imaginary waiver strategies into the consciousness of counsel which any realistic conception of the circumstances of the hearing fairly assures were not there.” (footnote omitted)). Given the factual dependency of this determination, I do not believe appellate courts should find plain evidentiary error — save for the extreme case where there could be no reasonable strategic reason for declining to object at the time the evidence is admitted. There is a forum better suited for this purpose — namely a collateral attack proceeding on a claim of ineffective assistance of counsel.
Moreover, were we to review claims of evidentiary error without factoring in the strategic reasons not to object (i.e., by simply applying the plain error doctrine and assuming that all excluded evidence admitted with no objection is error), we would, in fact, be providing defense counsel with a strategic reason not to object. Despite our stated concern about ensuring that plain error review does not, in effect, serve as a trial strategy, see, e.g., United States v. Brown, 548 F.2d 1194, 1207 (5th Cir.1977) (noting that the plain error standard is strict “in order to ... prevent parties from gambling for favorable verdicts and then resorting to appeal on errors that might have easily been corrected by objection at trial” (quoting United States v. Jacquillon, 469 F.2d 380, 386 (5th Cir.1972)) (internal quotation marks omitted)), plain error review in this context does precisely that. Defense counsel may choose not to object to the admission of certain evidence — perhaps believing it may turn out to be exculpatory — with the understanding that, if wrong, the defendant will have an opportunity to challenge the admission of the evidence on appeal. Where we find evidence of this strategy in the record, we do not find plain error. United States v. Sisto, 534 F.2d 616, 624 n. 9 (5th Cir.1976) (“If the record indicates that counsel for the complaining party deliberately avoided making the proper objection or request, plain error will almost never be found. This court will not tolerate ‘sandbagging’ defense counsel lying in wait to spring post-trial error.”). As previously mentioned, however, appellate courts are poorly situated to discern litigation strategy, and unless defense counsel feels the need to disclose his strategy on the record, plain error review provides a strategic hedge against potentially risky litigation decisions, and encourages de *1303 fense counsel not to object to inadmissible evidence — at least at the margins.[6]
Presented, then, with the choice between (1) presuming legitimate strategy and finding error in the extreme case and (2) presuming error and rarely finding improper strategy, I choose the former. I arrive at this conclusion by borrowing further from our ineffective assistance case law. As is oft stated, we generally presume that lawyers perform competently. See, e.g., United States v. Cronic, 466 U.S. 648, 658, 104 S.Ct. 2039, 2046, 80 L.Ed.2d 657 (1984) (“[W]e presume that the lawyer is competent to provide the guiding hand that the defendant needs.”); Bell v. Cone, 535 U.S. 685, 718, 122 S.Ct. 1843, 1863, 152 L.Ed.2d 914 (2002) (Stevens, J., dissenting) (“[A] presumption that every lawyer ... has performed ethically, diligently, and competently is appropriate because such performance generally characterizes the members of an honorable profession.”). We have recently noted:
“[Cjounsel will not be deemed unconstitutionally deficient because of tactical decisions.” There is a strong presumption that counsel’s performance was reasonable and adequate, with great deference being shown to choices dictated by reasonable strategy. “The presumption of reasonableness is even stronger when we are reviewing the performance of an experienced trial counsel.” To overcome this presumption, the petitioner “must establish that no competent counsel would have taken the action that his counseldid take.”
Michael v. Crosby, 430 F.3d 1310, 1320 (11th Cir.2005) (citations and paragraph break omitted) (quoting McNeal v. Wainwright, 722 F.2d 674, 676 (11th Cir.1984) (citations omitted); Callahan v. Campbell, 427 F.3d 897, 933 (11th Cir.2005); Chandler v. United States, 218 F.3d 1305, 1315 (11th Cir.2000) (en banc) (footnote and citation omitted)). I believe this presumption is just as relevant in the plain error context as in the ineffective assistance context. As such, so long as we are unable to take judicial notice that no competent attorney would fail to object to the admission of certain evidence, I would not say that the district court’s failure sua sponte to intervene and exclude the evidence is error.
Not only do I believe that, our ineffective assistance case law is instructive as to how we should treat claims of plain evidentiary errors, but I also believe that there is a connection between the two issues that is rarely, if ever, discussed. In order to satisfy the first three prongs of the plain error standard, we would have to find: error, that should have been obvious to counsel, and that seriously prejudiced the defendant’s substantial rights. In other words, counsel was incompetent for not having objected.[7] In fact, counsel may have been incompetent as many as three *1304 times (once at the time of the evidence was admitted, once more when he failed to move to strike the evidence, and yet again during closing argument should the Government comment on the evidence) or perhaps only once but as late as closing argument when the previously latent prejudice became clear. Yet, if we then choose not to exercise our discretion to notice the error, or if we could not say that the error affected the fairness, integrity, or public reputation of judicial proceedings, plain error would not be found.[8] Thus, we would not order a retrial on direct appeal, but, without the benefit of briefing or factual development, we would essentially be providing a very firm grounding for a subsequent ineffective assistance determination on collateral attack. What makes this particularly troubling for me is that in an ineffective assistance claim, “the defendant must overcome the presumption that, under the circumstances, the challenged action ‘might be considered sound trial strategy.’ ” Maharaj v. Sec’y for Dept. of Com., 432 F.3d 1292, 1318 (11th Cir.2005) (quoting Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984) (quoting Michel v. Louisiana, 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83 (1955)) (internal quotation marks omitted)). Yet, because we would not find plain error if we were to believe that defense counsel strategically chose not to object, a finding of plain error that affects defendant’s substantial rights — a determination likely made with no consideration of strategy and certainly made with no stated presumption in favor of strategy — at least implies that defense counsel’s failure to object was not strategic. Consequently, in such circumstances, there is a strong argument to be made that we unwittingly shifted the presumption on collateral attack from strategy to incompetence. The justification for this result is not apparent to me.
For the foregoing reasons, I would not engage in plain error review of the admission of excludable evidence unless I were certain that there could be no reasonable strategic reason for not objecting at the time the evidence was admitted.

. I also recognize that the discussion that follows does not neatly fit into circumstances where it only becomes plain that evidence is excludable after trial but prior to appeal.

. The decision not to object to evidence offered for admission is an aspect of trial strategy that counsel may make on behalf of the defendant. See Henry v. Mississippi, 379 U.S. 443, 451-52, 85 S.Ct. 564, 569, 13 L.Ed.2d 408 (1965); 3 Wayne R. La Fave et ah, Criminal Procedure § 11.6 (2d ed. 2006) ("General agreement exists that the decisions as to guilty plea, jury trial, appeal, defendant's presence at trial, and the defendant testifying are for the defendant, and that decisions on a substantially larger group of matters, such as objecting to inadmissible evidence, are for counsel.” (footnote omitted)). Accordingly, the defendant is bound by the strategic evi-dentiary decisions made by counsel, so long as effective assistance is provided.

. We have been willing to recognize that the possibility for strategic non-objection renders nearly impossible a finding of plain error in the context of a failure to request a limiting instruction. "Lawyers frequently choose for strategic reasons not to request limiting instructions. In order to find plain error in this context, therefore, a court must conclude that, as a matter of law, counsel's strategic choice resulted in a manifest miscarriage of justice.” Sherman v. Burke Contracting, Inc., 891 F.2d 1527, 1534 (11th Cir.1990), superseded in non-relevant part by statute as stated in Andrews v. Lakeshore Rehab. Hosp., 140 F.3d 1405 (11th Cir.1998); see also United States v. Miranda, 197 F.3d 1357, 1360 (11th Cir.1999) ("The failure to give a limiting instruction is error only when such an instruction is requested.”); United States v. Peaden, 727 F.2d 1493, 1501 (11th Cir.1984) ("In determining whether the statement requires reversal because no limiting instruction was in fact given, we must first decide at whose door we lay the failure to give the instruction. If the court committed plain error in failing to recognize the need for the limiting instruction sua sponte, we must reverse. However, if Peaden was required to request the instruction, his failure to do so caused its absence. Since for strategic reasons counsel may have chosen not to request an instruction, we would be reluctant to determine as a matter of law that counsel's strategic choice gave rise to a due process violation.” (citations omitted)); United States v. Baines, 586 F.2d 1052, 1059 (5th Cir.1978) ("Counsel may refrain from requesting an instruction in order not to emphasize potentially damaging evidence and for other strategic reasons. We decline to second guess counsel’s decision.” (citations omitted)) (In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), we adopted as binding precedent the decisions of the former Fifth Circuit handed down prior to October 1, 1981.). I recognize that plain error review is more patently incompatible with the evidentiary rule in this context, as the rule only operates "upon request.” Fed.R.Evid. 105; see Sherman, 891 F.2d at 1534. I believe, however, the observations regarding strategic non-objection carry over into other evidentiary contexts as well.

. I suppose a trial court could also keep a running log of all inadmissible evidence and at the end of trial determine which pieces, in isolation or in tandem, are likely substantially to affect the defendant's rights and strike those pieces with enough surgical precision to foreclose appellate reversal. I believe, more realistically, a trial court would simply always intervene.

. It would also not be sufficient for the district court to call attention to the excludability of the evidence and force defense counsel to waive exclusion. Such a requirement may inappropriately force defense counsel to expose his defense strategy to the Government. Nor would it be appropriate to require the court to hold a sidebar conference, out of the presence of the prosecutor, to inform defense counsel that the court believes an offered piece of evidence unduly prejudices the defendant and inquire of counsel how the admission of the evidence fits into a competent defense strategy.

. Indeed, by reversing the conviction under plain error review as opposed to a finding of ineffective assistance of counsel, we misallo-cate responsibility for the error to the court as opposed to counsel, where it appropriately belongs. Any diligence incentive inspired by fear of being labeled "ineffective” is thereby eliminated. For more on the interconnection between plain error and ineffective assistance, see infra.

. "To prove ineffective assistance of counsel, [defendant must] establish 'both that counsel's performance was deficient and that the deficient performance prejudiced the defense.’ ” Rolling v. Crosby, 438 F.3d 1296, 1300 (11th Cir.2006) (quoting Maharaj v. Sec’y for Dep’t of Corr., 432 F.3d 1292, 1318 (11th Cir.2005)). In concluding that the first three prongs of plain error are satisfied, we determine that counsel made an obvious error that affected defendant’s substantial rights. To the extent the doctrines of ineffective assistance and plain error are not perfectly coterminous, they certainly overlap significantly.

. I note that, even if it were possible for us to conclude that there was plain error that affected defendant’s substantial rights, it would still be nearly impossible to find that the plain error standard was satisfied. It would be very difficult to conclude that the fairness, integrity, or public reputation of the judicial proceedings had been undermined where defense counsel, whom we presume to be competent, declined not once, but perhaps three times, to object to the admission of the evidence. Again, to the extent we believe this failure to object speaks to counsel's competence, collateral review provides a more appropriate forum to resolve that issue.