# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CP-01386-COA

**COURTNEY R. LOGAN A/K/A COURTNEY LOGAN**                          **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                             **APPELLEE**

DATE OF JUDGMENT:                  08/06/2019
TRIAL JUDGE:                            HON. CAROL L. WHITE-RICHARD
COURT FROM WHICH APPEALED:   LEFLORE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:       COURTNEY R. LOGAN (PRO SE)
ATTORNEY FOR APPELLEE:         OFFICE OF THE ATTORNEY GENERAL
                                       BY: SCOTT STUART
NATURE OF THE CASE:              CIVIL - OTHER
DISPOSITION:                     AFFIRMED - 02/09/2021
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE CARLTON, P.J., LAWRENCE AND McCARTY, JJ.**

**McCARTY, J., FOR THE COURT:**

¶1.     A prisoner challenged the dismissal of his motion to show cause, alleging his constitutional rights were circumvented when he was extradited from Mississippi to Tennessee without a hearing. The prisoner had been returned to Tennessee years before he filed his motion. Therefore, his challenge is moot. Accordingly, we affirm the dismissal.

## PROCEDURAL HISTORY

¶2.     This appeal is the latest in a series of extradition challenges by Courtney Logan. The petitioner was in the custody of the Tennessee Department of Corrections when Mississippi sought his extradition to face prosecution for crimes he had committed in the state. At that

time, Logan had served less than two years of his thirty-one year sentence for the attempted murder of a Nashville, Tennessee police officer. The Governors of Tennessee and Mississippi entered into an executive agreement granting the extradition request, provided that the prisoner be returned to Tennessee following his prosecution in Mississippi.

¶3. Logan was then convicted in Leflore County, Mississippi, of five counts of kidnapping, one count of aiding an escape, and one count of being a felon in possession of a firearm. The trial court sentenced him as a habitual offender to serve seven consecutive life terms without eligibility for parole or probation. Logan's convictions and sentences were affirmed on appeal. *Logan v. State*, 192 So. 3d 1012, 1025 (¶47) (Miss. Ct. App. 2015).

¶4. Following his convictions in Mississippi, Logan filed claims in Tennessee, Mississippi, and federal courts. The claim giving rise to this appeal was filed in the Circuit Court of Leflore County. Logan claimed "he was denied the due process protection of the MS, TN and United States Constitutions regarding his illegal extradition, [kidnapping] without a hearing." (Brackets in original). The lower court dismissed the motion, and Logan appealed.

## DISCUSSION

¶5. "It is well-established that a prisoner has no standing to contest an agreement between two sovereigns concerning the temporary exchange of custody of the prisoner on a writ of habeas corpus ad prosequendum[.]" *Smothers v. State*, 741 So. 2d 205, 207 (¶10) (Miss. 1999) (quoting *Chunn v. Clark*, 451 F.2d 1005, 1006 (5th Cir. 1971)). Further, "[o]nce a

2

prisoner has been returned to the demanding state, the legality of the extradition is no longer subject to legal attack." *Logan v. State*, 300 So. 3d 1040, 1044 (¶11) (Miss. Ct. App. 2020) (quoting *Godsey v. Houston*, 584 So. 2d 389, 391 (Miss. 1991)).

¶6. Logan first challenged his extradition from Tennessee to Mississippi in the United States District Court of the Northern District of Mississippi. *Logan v. Banks*, No. 4:13CV89-SA-SAA, 2014 WL 5715432, at *2 (N.D. Miss. Nov. 5, 2014). He argued that he was "illegally in Mississippi custody and that he should be returned to Tennessee custody to pursue Tennessee appellate and post-conviction collateral relief." *Id*. The district court dismissed his claim, finding that "the actual transfer of Logan to Mississippi extinguished any claims" against the demanding state, Mississippi, "regarding the propriety of his extradition" from the asylum state, Tennessee. *Id*.

¶7. Logan then raised similar claims in Tennessee. *Logan v. State*, No. M2015-00725-CCA-R3-HC, 2016 WL 716818 (Tenn. Crim. App. Feb. 23, 2016). However, "[a]t the time of the filing, the petitioner was no longer in the custody of the State of Tennessee, and there was no available relief for the trial court to provide to the petitioner, even if it was shown that his extradition was improper." *Id*. at *3. Accordingly, the court found "that the petitioner's appeal [was] moot." *Id*.

¶8. Next, Logan sought to challenge the extradition in Mississippi state courts. *Logan v. State*, 300 So. 3d 1040 (Miss. Ct. App. 2020). Initially, he filed a petition challenging his confinement in Mississippi and requested a transfer back to Tennessee. *Id*. at 1041 (¶3). The

3

petition was denied, and Logan sought reconsideration, again alleging his confinement in Mississippi was illegal and that he should be extradited to Tennessee. *Id*. at (¶4). However, by that time he had already been extradited back to Tennessee pursuant to the executive agreement. *Id*. So the circuit court dismissed the second motion, finding it "not well taken" and "moot." *Id*. Nevertheless, Logan appealed the dismissal and we affirmed the lower court's dismissal on the basis that "Logan's claims on appeal [were] moot." *Id*. at 1044 (¶11).

¶9. In the current incarnation of Logan's appeal, he reverses course by challenging his extradition *from* Mississippi to Tennessee after he was already extradited. The Leflore County Circuit Court characterized Logan's filings as "playing a game of cat and mouse with the court."

¶10. All three of the courts addressing parallel issues to the one raised today found Logan's claims to be "extinguished" or "moot." All three courts concluded that Logan's claims failed because he had been returned to the demanding state. *See Logan*, 300 So. 3d at 1044 (¶11). Logan was returned to Tennessee on November 23, 2017. Therefore, the legality of his extradition is no longer subject to legal attack. *Id*. For that reason, we affirm the lower court's dismissal of his claim.

¶11. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD AND LAWRENCE, JJ., CONCUR. SMITH. J., NOT PARTICIPATING.**